THE STATE v. BOONE, *Appellant*.

70 649
f156 195

1. **Change of Venue in Criminal Case.** An affidavit for a change of venue in a criminal case on the ground of prejudice of the inhabitants, made after the lapse of the first term after the indictment found, or if the defendant when indicted was not in custody, or on bail, made after the lapse of the first term after his arrest, must show that the facts on which the application is grounded first came to the knowledge of the defendant since the last preceding continuance. An affidavit that the facts "have more fully come to the knowledge of the defendant since the last adjournment," is not sufficient.

2. **Possession as Evidence of Ownership**: LARCENY: INSTRUCTION. Possession of personal property is presumptive evidence of ownership. If, therefore, one finds a mule in the possession of another, who claims ownership, and in good faith he buys the mule, he cannot be convicted of larceny, though the mule was stolen and the person from whom he bought was a stranger to him.

   The judgment in this case was reversed for failure of the trial court to instruct the jury to this effect, though an instruction was given that they were not to convict unless they believed beyond a reasonable doubt that defendant did steal the mule, and unless the evidence excluded every other hypothesis than guilt.

*Appeal from Andrew Circuit Court.* The case was tried before N. B. GIDDINGS, ESQ., sitting as Special Judge.

REVERSED.

*C. F. Booher, Silas Woodson* and *Heren & Son* for appellant.

*David Rea* and *J. L. Smith,* Attorney-General, for the State.

NORTON, J.—The defendant was indicted in the Andrew county circuit court at its August term, 1873, and charged therein with stealing two mules, the property of Newton Bird, and also in a second count with receiving said mules knowing them to be stolen. Defendant was put upon his trial at the April term, 1879, of said court, and was convicted on the first count of said indictment and sentenced to three and one-half years imprisonment in the penitentiary. Motions in arrest of judgment and for new trial having been overruled, defendant appealed to this court. The first ground of error assigned is to the action of the court in overruling the following petition and application of defendant for a change of venue, filed on the 8th day of April, 1879, to-wit: "The petition of Hezekiah W. Boone, defendant herein, represents that defendant and affiant is indicted in Andrew county circuit court charged with the crime of grand larceny; that your petitioner and affiant has good reason to believe, and does believe, that he cannot have a fair and impartial trial in Andrew county, aforesaid, for the reason that the inhabitants of said county are prejudiced against this defendant and affiant, so as to preclude a just and fair trial; and this affiant states that the same grounds and reasons, as this affiant believes, exist in the counties of Nodaway, Holt and Atchison; therefore this affiant prays that a change of venue may be ordered in said cause, to some judicial circuit where said causes do

not exist; that these causes have more fully come to the knowledge of defendant since the last adjournment of this court." Said application was duly sworn to and certified.

It is admitted that this is a second application for a change of venue based on the ground of the prejudice of the inhabitants of Andrew county, the first application having been made and overruled on the 8th day of April, 1874. On the hearing of the second application a great deal of evidence was offered both in support of and against the fact alleged as to the prejudice of the inhabitants, which it is unnecessary to review, as we consider the second application fatally defective on other grounds.

The statutory provisions relating to changes of venue for such causes as are alleged, are as follows: Section 16. "Any criminal cause pending in any circuit court may be removed by order of such court or the judge thereof, to the circuit court of another county in the same circuit, provided that the minds of the inhabitants of the county in which the case is pending, are so prejudiced against the defendant that a fair trial cannot be had therein." Wag. Stat., 1097. Section 22. "No order for the removal of any cause shall be made on the application of the defendant for the causes specified in the 16th or 17th sections of this chapter unless such application be made during the term of the court at which the indictment is found, provided said defendant be in custody or on recognizance, and if not so in custody or held to bail, then the application may be made at or before the first term after the defendant shall have been arrested, and not thereafter, except as provided in the next succeeding section." Section 23. "If the defendant will, in addition to the oath requisite in ordinary and timely applications, swear that the facts on which he grounds his application have first come to his knowledge since the last preceding continuance of the cause, the court shall grant a change of venue, although such application

be made at a term subsequent to that at which the prisoner was likely to be arraigned."

Under these provisions when a defendant is in custody or on bail, his application for a change of venue, when it is based on the prejudice of the inhabitants of the county, must be made at the same term at which the indictment is found, and if he is not in custody or held to bail, then the application may be made at the first term after defendant's arrest and not thereafter, unless defendant will, in addition to the oath requisite in a timely application, swear that the facts on which he grounds his application have first come to his knowledge since the last continuance of the cause, when the change may be granted at a term subsequent to that at which the prisoner was liable to be arraigned. The defendant was in custody at the time the indictment was found, as the record before us shows his arraignment at the same term and the entry of his plea of not guilty; and not having made an application for a change of venue at said term on account of the prejudice of the inhabitants of Andrew county, his right to make an application at any subsequent term was dependent upon his swearing, in addition to other facts, that the fact of such prejudice first came to his knowledge after the last preceding continuance of the cause.

It seems to be the clear intent of the statute that a person criminally charged should have an opportunity of applying for a change of venue, for the cause specified in section 16, *supra*, and that he should avail himself of this opportunity, either at the term the charge is preferred by indictment if in custody, and if not in custody, then at the next succeeding term after the information of the existence of such cause first comes to his knowledge. It appears that the defendant availed himself of this opportunity at the April, term, 1874, of the Andrew circuit court, and that his application was overruled, to which no exceptions were taken. This in connection with the omission to state in the second affidavit made at the April term, 1879, that

the information as to the prejudice alleged first came to the knowledge of affiant since the last continuance, fully justified the court in overruling it. In the cases of *State v. Reed*, 11 Mo. 380, and *Corpenny v. City of Sedalia*, 57. Mo. 88, to which we have been cited, the applications for change of venue were made on account of the prejudice of the judge, and, therefore, they have no bearing in the present case, for the reason that when the application is on account of the prejudice of the judge, there is no such prohibition to be found as is contained in section 23, *supra,* which relates only to applications made on account of the prejudice of the inhabitants.

It is the opinion of a majority of the court that the trial court committed error in ·refusing the following instruction: "The court instructs the jury that possession of personal property is presumptive evidence of ownership; and if the jury believe from the evidence that the defendant found the mules in possession of a stranger to him, claiming said mules to be his, and the defendant, in good faith, purchased the mules from such stranger, you will find him not guilty as charged in the indictment." Defendant, who testified in his own behalf, stated that the morning after the mules were stolen he bought them of a stranger who had them in his possession, claiming them as his own, and paid $175 for them. This, it is esteemed, is sufficient evidence to have authorized and required the court to give the declaration asked    Speaking for myself, I think the refusal of said instruction is not reversible error, because the court had, in other instructions which were given, told the jury that unless they believed beyond a reasonable doubt that defendant did steal, take and carry away the mules as charged in the indictment, and that unless the evidence adduced on the trial excluded from their minds every other hypothesis than the guilt of defendant, they would acquit. This instruction refused only asked the court to give in another form what had already been given in the instruction referred to, and the refusal to give it was,

therefore, not error, and in this view Judge NAPTON concurs. Judges SHERWOOD, HOUGH and HENRY being of opinion that defendant's said instruction ought to have been given, the judgment is reversed and cause remanded.