THE STATE v. JACKSON, *Appellant.*

Division Two, February 12, 1895.

1. **Criminal Law:** BURGLARY AND LARCENY: RECEIVING STOLEN GOODS: PRACTICE. One charged with burglary and larceny can not be convicted of the larceny, where he came into the possession of the stolen property after it was taken from the burglarized building, and an instruction to that effect should be given where there is evidence to support it.

2. ———: EVIDENCE: SELF-SERVING ACTS. Self-serving acts, of one accused of crime, are inadmissible in evidence. It is not competent for the accused to show that about a month after the commission of the crime charged, he surrendered himself to an officer.

3. Practice, Criminal: IMPROPER REMARKS OF COUNSEL: EXCEPTIONS: MOTION FOR NEW TRIAL. The objection, that improper remarks were made by counsel for the state in his closing argument, will not be reviewed on appeal, where the remarks complained of are not preserved in the bill of exceptions. Statements of matters in a motion for new trial constitute no evidence thereof.

*Appeal from St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Thomas B. Harvey* for appellant.

(1) The court erred in its instruction upon the presumption from possession of recently stolen property. (2) The court erred in refusing appellant's instructions upon accounting for the possession of recently stolen property. (3) The verdict was against the weight of evidence.

*R. F. Walker*, Attorney General, and *Lewis H. Brecker* for the state.

(1) The instructions are in the form many times approved by this court. They correctly present every issue made by the indictment and the testimony to the jury; they covered every phase of the case and rendered it unnecessary to give some of those asked by the state, while the others did not declare the law, and had no application to the facts. (2) Defendant complains that the court committed error in admitting illegal and irrelevant testimony; however, the record in this case does not show a single exception saved to the admission of any testimony over the objection of the defendant.

This being true, this allegation of error will not avail the defendant, for the reason. that exceptions must be saved at the time of the admission of the evidence, and that, too, after timely objection upon the part of the defendant. *State v. Foster*, 115 Mo. 448; *State v. Cantlin*, 118 Mo. 100. (3) The point that counsel for the state made improper remarks in argument to the jury can not be reviewed on appeal, because they were not excepted to at the time and preserved in the bill of exceptions. *State v. Lattimer*, 116 Mo. 524; *State v. Green*, 117 Mo. 298; *State v. Phillips*, 117 Mo. 389; *State v. Dusenberry*, 112 Mo. 277. Inasmuch as allegations in motion for new trial do not prove themselves, this alleged error can not be considered by this court. Again, defendant's complaint comes too late when made for the first time in his motion for new trial. *State v. Foster*, *supra*; *State v. Cantlin*, *supra*. (3) The evidence establishes the guilt of the defendant beyond question; the recent possession of the stolen property unaccounted for, warranted the jury in finding him guilty; it is only where there is a total failure of proof that a cause will be reversed because of the insufficiency of the evidence. There is no such intimation in this record. *State v. Cantlin*, 118 Mo. 100; *State v. Minton*, 116 Mo. 605.

SHERWOOD, J.—Indictment for burglary in, and larceny from, the dwelling of Otto Martin on the sixteenth of July, 1893, in St. Charles, Missouri. The defendant went acquit of the burglary, and for the larceny his punishment was assessed at three years in the penitentiary.

The burglarious entry was effected in Martin's dwelling house on the night of Saturday, July 15, 1893, when the theft charged was committed. Among the articles stolen was a gold watch.

On Tuesday, the eighteenth of July next thereafter, defendant went into the pawn shop of Thos. Dunn & Co., in St. Louis, and, exhibiting the watch which had been stolen from Otto Martin, handed it to Mr. Merreck and expressed a wish to get a loan on it of $10 to $20. Asked by Merreck whose watch it was, defendant said it "was all right, that he had won it at a crap game."

Theodore Martin and Thos. Dunn were present and Merreck privately called their attention to the fact that the watch offered to be pawned was the same as that reported to have been lost by Otto Martin of St. Charles, Missouri. In the language of the record, "Mr. Dunn then walked out from behind the counter to where defendant was standing and said something to the defendant, whereupon defendant broke and ran out of the store; he ran very fast; defendant was in the store about five minutes altogether, and left the watch there and never returned to get it."

Theodore Martin, a brother of the owner of the watch, also questioned defendant as to where he got the watch, when he said "he had won it at a game of craps; that he did not know the person he got it from; could not give his name." On his behalf defendant established by several witnesses a clear *alibi*, to the effect that he was in the Two Johns saloon from 7 o'clock on Saturday night the fifteenth of July and elsewhere in the city of St. Louis on that night, and until after daylight, with those witnesses.

It was also shown by two witnesses for the defense that on the seventeenth day of July, which was the day before he exhibited the watch at Dunn's pawn shop, defendant obtained the watch from one Abe Lee, who let defendant have it, in order that he might pawn it and raise a sum of money and pay himself a debt owing by Lee to him.

The usual instructions were given as to burglary and larceny, as to the recent possession of stolen property, and as to an *alibi.* Among the instructions asked for defendant and refused, was this:

"If the jury believe from the evidence that the defendant came into possession of the watch in question, after the property in question was taken from the house of Otto Martin on the fifteenth day of July last, then they will find the defendant not guilty."

This instruction should have been given. There was evidence to support it. Under that evidence considered in connection with defendant's extremely suspicious conduct when trying to pawn the watch at Dunn's, the jury might have regarded defendant as the *receiver of stolen goods,* but not as the *thief.* If they did regard defendant as the receiver, then this should have resulted in his acquittal.

The state, it seems, allowed the defense to introduce evidence, without objection, that the defendant in the month of August, 1893, voluntarily surrendered himself to a policeman. This was a singular course for the state to pursue, as evidence of self-serving acts of a party accused, is wholly inadmissible. *State v. Musick,* 101 Mo. 260; *State v. Smith,* 114 Mo. 406.

The usual point is made in the motion for a new trial that improper remarks were made by the prosecuting attorney. We go through the stereotyped formula of saying that: No such point preserved in the bill of exceptions. Statements of matters in a motion for new trial, no evidence thereof.

For the error in refusing the instruction mentioned, judgment reversed and cause remanded.