# THE STATE v. SAM LEVITT, Appellant.

·Division Two, June 3, 1919.

1. **EVIDENCE: Extra-Judicial Statements: Denied in Toto: Hearsay.**
Statements made by two other persons suspected of the burglary
and larceny of goods, to the effect that defendant assisted them in
entering the store and removing the property, made in his presence
and promptly denied by him *in toto*, are mere hearsay and are not
admissible in evidence over his objection; and if policemen who
heard them are permitted to repeat them to the jury, in the ab-
sence from the trial of the two suspects, their admission is re-
versible error.

2. **———: Exception: Objection But No Exception: Renewed and Ex-
ception Saved When Testimony Is Repeated.**  The fact that when
the first witness testified to an extra-judicial statement defendant,
after objecting to it as hearsay, did not except to an adverse
ruling, did not prevent him from objecting to the testimony of a
second witness who detailed the same conversation, and upon an
adverse ruling saving an exception. Having objected to the testi-
mony of the first witness as hearsay, it was not necessary for
him to repeat his objection later, and having excepted to the
adverse ruling on his second objection, the admissibility of the
statements is preserved for review.

3. **IMPEACHMENT OF DEFENDANT: Term in Workhouse: Cross-
Examination.** Where the reputation of defendant was not put in is-
sue by himself, it was error for the court to permit the prosecuting
attorney to require his sister on cross-examination to state that
defendant was in the workhouse during a certain period of the
year following the burglary and larceny.

4. **INSTRUCTION: Stolen Goods: Employment By Thieves.** It is not
error to refuse to give an instruction to acquit defendant if after
the goods were stolen the thieves employed him to sell them,
where there is no evidence of such employment.

5. **———: ———: Recent Possession: Explanation: Converse of State's:**
*Held*, by WHITE, C., with whom WALKER, J., concurs, that a
proper instruction, telling the jury that if defendant has given
reasonable explanation of his possession of the stolen goods,
they should acquit him, should in fairness be given, where
there is evidence to support it and it is the converse of an
instruction given for the State.

Appeal from St. Louis City Circuit Court. —*Hon. Victor H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*Thos. B. Harvey* for appellant.

(1) Prejpdicial and reversible error was committed by the court in refusing to give instructions F and .G, requested by appellant, and telling the jury in effect that if defendant Levitt came into possession of the alleged stolen property after the burglary and larceny then they should acquit him. State v. Jackson, 126 Mo. 525; State v. Maggard, 250 Mo. 341; State v. Rutherford, 152 Mo. 134; 35 Cyc. 152 (V), and numerous citations. (2) The court erroneously admitted in evidence, over the objection of the defendant, statements made by the defendant at the police station while he was under arrest. State v. Walker, 78 Mo. 380; State v. Hill, 134 Mo. 663; State v. Foley, 144 Mo. 600; State v. Swisher, 186 Mo. 10; State v. Etheridge, 188 Mo. 358; State v. Richardson, 194 Mo. 341; State v. Butler, 258 Mo. 436. (3) Error was also committed in admitting in evidence, over the objection of the defendant, statements made by co-defendants, Spector and Blickman, in the police station, implicating defendant Levitt, as aiding and abetting them in the commission of the burglary and larceny. State v. Richardson, 194 Mo. 339; cases above. (4) It was error to permit, over the objection of the defendant, the assistant circuit attorney in his cross-examination of defendant's sister, Anna Levitt, to interrogate her about, and to prove by her, that defendant had not been working, and in April, 1917, had been convicted of theft and imprisoned in the workhouse for a term of two months.

*Frank W. McAllister,* Attorney-General, and *George V. Berry,* Assistant Attorney-General, for respondent.

(1) No error was committed in refusing instructions F and G requested by defendant. Instruction

F had been covered by other instructions already given. There was no evidence on which to base instruction G, as defendant made no claim to having disposed of the stolen property as the agent of the thieves. The motion for a new trial did not call the attention of the trial court specifically to its failure to give these instructions. State v. Katz, 266 Mo. 503; State v. Underwood, 263 Mo. 86; State v. Keller, 263 Mo. 59; State v. Shaffer, 253 Mo. 37; State v. Rasco, 239 Mo. 82; State v. Sykes, 248 Mo. 12; State v. Butler, 247 Mo. 99. (2) Point 2 made by appellant was not saved. The objections were not preserved by specific objections which advised the trial court of the incompetency of the evidence, nor by timely exceptions to the action of the trial court in overruling the objection. State v. Noland, 111 Mo. 92; State v. Barrington, 198 Mo. 76; Norris v. Railroad, 239 Mo. 711; Collier v. Lead Company, 208 Mo. 56; State v. Shout, 263 Mo. 69; State v. Kanupka, 247 Mo. 14; State v. Goddard, 162 Mo. 227. (3) If any error was committed in admitting the statements of Spector and Blickman, defendant's co-indictees, while all were under arrest, it is not here for review. The objections were all general save one, and when that was overruled defendant accepted this ruling and saved no exceptions. State ex rel. v. Diemer, 255 Mo. 336; State v. Castleton, 225 Mo. 201; State v. Hamilton, 263 Mo. 294; State v. Lewis, 264 Mo. 420; State v. Crone, 209 Mo. 316; State v. Murray, 126 Mo. 611; Commonwealth v. Brown, 121 Mass. 69; Underhill on Crim. Evidence, sec. 123; State v. Hubbard, 201 Mo. 639. (4) The cross-examination by the assistant circuit attorney of witness Anna Levitt, by asking if defendant was not in the workhouse on certain dates, was highly improper, but this was cured by the trial court promptly instructing the jury that it was not competent and they should disregard it. Appellant accepted this by asking no further instruction, and by not excepting to the one given. State v. Baker, 264 Mo. 339; State v. Rascoe, 239 Mo. 535; State v. Harvey, 214 Mo.

403;   State v. Baker, 209 Mo. 444; State v. Murphy, 201 Mo. 691.

WHITE, C.—The defendant was brought to trial in the Circuit Court of the City of St. Louis on an information charging him, together with Harry Spector and Jacob Blickman, with the crime of burglary and larceny, under Section 4528, Revised Statutes 1909. He was granted a severance, was found guilty, and his punishment assessed at five years in the Penitentiary. From that judgment he has appealed to this court.

During the night of September 5, 1916, the store of Abraham Brown, located at 1534 Franklin Avenue in the City of St. Louis, was burglarized and a large quantity of pants, hats and other articles of clothing, aggregating $650 in value, were stolen. The next morning about 7:30 o'clock one Jacob Alpert, living at the Metropole Hotel, was called upon by the appellant, who desired to sell him a job lot of pants. Appellant produced a sample and Alpert agreed to buy the lot for $150, but refused to pay any money until the pants were delivered. Shortly afterwards the lot of pants was delivered to him at the Metropole Hotel and Alpert paid the appellant $95. Later in the day after appellant, with Spector and Blickman, was arrested and held at the police station, a conversation took place in which the officers were endeavoring to gain information from the suspects, and the appellant, Levitt, said that he had bought the pants from Spector and Blickman. Spector and Blickman each then stated in the presence of Levitt, Alpert and the officers that Levitt had assisted them in entering the store and removing the property. Levitt denied this, and reiterated his statement that he had bought the property from Spector and Blickman. This conversation was testified to by Alpert and by police officers O'Hare and Oertli. Spector and Blickman further stated that Levitt had given them part of the money received from Alpert. Brown identified some of the pants as those taken from his store.

The only evidence offered by defendant, Levitt, was the testimony of his two sisters which was offered for the purpose of establishing an *alibi*. Each of the sisters swore that he was at home on the night of the burglary and until 7:30 the next morning.

I. The appellant assigns error to the ruling of the court in permitting the police officers to testify to the conversation in which Spector and Blickman stated in their presence that Levitt aided them in committing the burglary and larceny, a statement which Levitt at the time promptly denied. This evidence was admitted by the trial court on the ground that the statements were made in the presence of the defendant. An accusatory statement made by another person to or in the presence of a defendant charged with a crime is admitted when the silence of the accused under the circumstances is a tacit confession of the truth of the statement. [State v. Walker, 78 Mo. 1. c. 388; 1 Greenleaf, sec. 197-8; State v. Butler, 258 Mo. 1. c. 436.] Such incriminating evidence is sometimes received where the defendant denies only part, or qualifies his denial, or by his silence acquiesces in what is said. Here, however, the defendant stoutly denied *in toto* the statements made. In such cases the rule is general that evidence of that character is inadmissible, because it is hearsay. [16 C. J. p. 634, and cases cited in note.] The rule has been so applied in this State. Such evidence was held inadmissible because the defendant denied the statements and therefore did not acquiesce. [State v. Richardson, 194 Mo. 326, 1. c. 339.] Spector and Blickman were not witnesses in the case and what they said about the defendant's connection with the crime was brought before the jury against the defendant as pure hearsay with no opportunity to cross-examine.

Respondent claims that the point was not saved by proper objection and exception to the ruling of the court in admitting it, and therefore is not available to the defendant.

*Extra Judicial Statements of Others.*

*Objection and Exception.*

When Alpert was on the stand he was asked what statements Spector and Blickman made, in regard to taking the pants, in the presence of the defendant. Defendant objected because the evidence was entirely hearsay. The objection was overruled and defendant saved no exception at that time. Later, when Officer O'Hare was sworn he was asked a similar question and defendant objected to what was said between the parties. The court overruled the objection, and defendant duly excepted. O'Hare then related the conversation, including statements by Spector and Blickman to the effect that defendant was present and took part in the commission of the crime. After having made the objection and having excepted to the introduction of the conversation, it was not necessary for the defendant to repeat his objection and exception later, or after the evidence was in. The fact that the defendant, while objecting to the testimony of a prior witness regarding the same conversation, failed to save an exception to the ruling of the court in admitting it, would not prevent his taking advantage of the error in admitting the testimony of this particular witness O'Hare.

II. When Anna Levitt, sister of defendant, was on the stand the prosecuting attorney in cross-examination made her say that her brother, the defendant, was in the workhouse during a certain period of the year 1917. The reputation of Levitt was not **Defendant's Reputation.** put in issue by himself and therefore it was error for the prosecution to attack his reputation in that manner. [State v. Conway, 241 Mo. l. c. 279-89; State v. Wellman, 253 Mo. l. c. 315.] The Attorney-General admits the testimony was improper, but claims it was cured because the trial court instructed the jury it was not competent. The record does not show that any such instruction was given as to this particular testimony. On the contrary, the trial court ruled it proper because it was cross-examination.

III. The court refused instruction "F" asked by defendant, as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant in this case has given reasonable explanation of his possession of the property charged to have been stolen and afterwards found in his possession, then you should find the defendant not guilty."

Possession of Stolen Goods.

The court gave on behalf of the State the usual instruction on the possession of stolen goods and the presumption arising from such possession, concluding the instruction with these words:

"And unless such presumption is overcome to your reasonable satisfaction by evidence in the case explaining such possession in a manner consistent with defendant's innocence, you should find the defendant, as the evidence may show, guilty."

The instruction asked by defendant was the converse of that proposition and in fairness to the defendant it should have been given. [State v. Rutherford, 152 Mo. l. c. 125; State v. Jackson, 126 Mo. 521.] There was testimony which enitled the defendant to this instruction. It developed in the evidence of Alpert and the officers that the defendant claimed at the time of his arrest and afterwards that he had bought the goods from Spector and Blickman and sold them to Alpert.

IV. Appellant complains of the refusal of the court to give instruction "G" offered by him to the effect that, if defendant did not actually aid and assist in the commission of the crime, but that the criminals employed him to dispose of the stolen goods after the crime was committed and, collect the proceeds of such sale, they should find for the defendant. There was no evidence of any such employment and the instruction was properly refused.

For the errors mentioned the judgment is reversed and the cause remanded.

*Roy, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. *Walker, J.,* concurs; *Williams, P. J.,* and *Faris, J.,* concur in Pars. I, II and IV, and the result.