THE STATE v. ELMER CANTRELL, Appellant.

Division Two, November 19, 1921.

1. **INSTRUCTION: Converse of State's: Inference.** The converse of the State's instruction, if asked by the defendant, should be given. It may be that a jury will infer the converse of a correct instruction given for the State, but defendant's case should not be submitted on an inference.

2. ———: ———: **Robbery: Conspiracy.** The information charged that Cantrell, Coleman and Duboise had robbed Presley of a gold watch and forty dollars in money. Cantrell was granted a severance,

State v. Cantrell.

and one instruction for the State told the jury to find him guilty of robbery in the first degree if they found that Duboise and Coleman feloniously took the property from Presley's person, against his will, by force and violence to his person, etc., "if you shall further find and believe from the evidence that the defendant Cantrell was then and there wilfully present, aiding and abetting and encouraging them so to do or either of them." The court refused to give defendant's instruction telling the jury that "the mere presence of the defendant at the time Presley was robbed, if you believe and find he was robbed, but did not aid, abet, assist or encourage Coleman and Duboise, then you will acquit him." *Held*, that the instruction requested by defendant was the converse of that given for the State, and should have been given; for, although the jury might have inferred from the instruction given for the State that defendant, though present, did not aid, abet or encourage the others to commit the robbery and was therefore to be acquitted, his side of the case should have been fairly submitted to them and should not have been made to depend upon an unexpressed inference to be drawn from the State's instruction.

3. ———: ———: ———: Grand Larceny. Where there was testimony that the prosecuting witness said to defendant, in the presence of another, "I know you didn't rob me, and I don't know who did; if you will give me fifty dollars I will run away and they will never get me," the court should have given an instruction on grand larceny, for if the testimony was true the jury might have found defendant guilty of having surreptitiously stolen the watch and money from the prosecuting witness's person without the use of force or violence or putting him in fear of injury to his person.

4. ROBBERY: Larceny. It is not robbery to obtain property from another without violence, by trickery and artifice or by the use of only sufficient force to remove it from his pocket, but only larceny.

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing*, Judge.

REVERSED AND REMANDED.

*Jos. G. Williams* and *J. A. Rollins* for appellant.

(1) The court erred in giving instruction 1, for the reason that the testimony did not warrant the giving of

said instruction. The testimony failed to show that the defendant used any force whatever in taking the money, watch or knife out of the pockets of Pressly, neither did he threaten him or put him in fear of any immediate danger whatever. In fact, the testimony on the part of the State showed, if true, that the defendant simply put his hands into the pocket of Pressly and took his money out of his pockets, with some papers, and handed him back the papers. Pressly, himself, stated, "I did not understand what was going on and did not know what was going on." If the State's testimony is true, the defendant was guilty of grand larceny, and the court should have so instructed the jury. State v. Moxey, 102 Mo. 374; State v. Palmer, 88 Mo. 568; State v. Banks, 73 Mo. 592; State v. Branstetter, 65 Mo. 149; State v. Mahly, 68 Mo. 315. (2) The court erred in giving instruction 2, because there is no evidence of any kind or character, nor are there any other facts to sustain the assumption that Duboise and Colman were acting in conjunction with the defendant, and no evidence that there was a common purpose, a common design, or a common intention on the part of the defendant and Colman and Duboise to rob Pressly. State v. Darling, 216 Mo. 464; State v. Meyers, 174 Mo. 359; State v. Hickam, 95 Mo. 332.

*Jesse W. Barrett*, Attorney-General, and *Albert Miller*, Assistant Attorney-General, for respondent.

(1) The information is sufficient. It charges the offense of robbery in the first degree in the language of the statute. Sec. 3307, R. S. 1919; Sec. 3908, R. S. 1919; State v. Calvert, 209 Mo. 280, 284, 287; State v. Wilcoxen, 38 Mo. 370, 371. (a) It is no objection to the indictment that it does not in express terms charge an assault. The language employed necessarily involves the charge that an assault was committed. State v. Brewer, 53 Iowa, 735; State v. Brill, 21 Ida. 269; State v. Swafford, 71 Tenn. 162; State v. Switzer, 38 Nev.

108; Lampkin v. State, 87 Ga. 516, 522.    (b)    The use
of the term "feloniously," in the information filed in
this case, applies to every essential element of the offense
charged, its force reaching onward and qualifying all.
Sec. 3307, R. S. 1919; 3 Bishop's New Crim. Pro., sec.
1003; State v. Brown, 104 Mo. 365, 370; State v. David-
son, 38 Mo. 374, 378.    (c)    The information is not fa-
tally defective because it charges robbery, both by put-
ting Pressly in fear of some immediate injury to his
person and by violence to his person. State v. Eddy, 199
S. W. 186; State v. Flynn, 258 Mo. 211, 224; State v.
Montgomery, 109 Mo. 645; State v. Calvert, 209 Mo. 280,
286.    (2)    The instructions given seem fairly to cover the
issue joined. State v. Cantlin, 118 Mo. 100, 107; State
v. Dockery, 243 Mo. 592, 596; State v. Calvert, 209 Mo.
280, 287.    (3)    The court did not commit error in giving
instruction 2. While the instruction contained the words,
"or by putting him in fear," the same not being a suffi-
cient definition of robbery under that clause of the stat-
ute, these words so contained in said instruction were
mere surplusage and non-prejudicial as the evidence in
this case establishes a robbery by violence to the person
and against his will. This was all that was necessary.
If force be used, fear is not an essential ingredient of the
crime of robbery. State v. Broderick, 59 Mo. 318; State
v. Lawler, 130 Mo. 366; State v. Lamb, 141 Mo. 298;
State v. Crowell, 149 Mo. 391; State v. Kennedy, 154
Mo. 268; State v. Calvert, 209 Mo. 280.

HIGBEE, P. J.—The appellant, Elmer Cantrell, and
two negroes Cecil Duboise and Archie Coleman, were
jointly charged with robbery, in that they feloniously
stole, took and carried away from the person of C. A.
Pressly, against his will, by violence to his person, and
by putting him in fear of some immediate injury to his
person, one gold watch of the value of twenty dollars and
forty dollars in lawful money, the property of said C. A.
Pressly.    A severance was granted, a trial was had,

defendant was found guilty as charged and his punishment fixed at imprisonment in the penitentiary .for a term of five years, from which conviction the defendant appealed.

The evidence for the State tended to prove that Pressly, who lived at Bismarck, went to DeSoto, where he met Cantrell, Coleman and Duboise. .After freely imbibing at all the saloons in the city, they went, in the evening, over a bridge in the outskirts of the city, where it was quite dark. There they each took one or more drinks out of Pressly's bottle of whisky. If there·be any truth in the adage *"in vino veritas,"* their testimony should be unimpeachable. While the drinking was going on, Cantrell suddenly cried out, "Look at that fellow." (meaning Pressly). "He has got a gun. He will shoot you. Let me have your knife," or words to that effect. At the same time Cantrell caught Pressly, put his left arm around his neck, while with his right hand he took from Pressly's pockets his watch, knife and about forty dollars in money. Pressly released himself, ran into town with appellant close upon his heels, and reported the robbery, the three were arrested that night, Coleman being found at his house. Coleman's sister gave the officer Pressly's watch. The money was not recovered. Coleman and Duboise testified for the State, corroborating Pressly's evidence, but denying any complicity in the affair. The defendant, Cantrell, testified in substance that Duboise drew a gun on Pressly, ordered him to throw up his hands and then grabbed him; that he, Cantrell, started away and walked across the bridge.

I. The information follows the language of the statute, Section 3307, Revised Statutes, 1919, defining robbery in the first degree, and is sufficient. There is no merit in the objection to the first instruction given for the State.

II. The second instruction authorized the jury to find the defendant guilty of robbery in the first degree

State v. Cantrell.

if they found from the evidence that Duboise or Cole-
man feloniously took the property of Pressly mentioned
in evidence, from his person, against his will,
Instruction:      by force and violence to his person, or by
Converse of
State's.          putting him in fear and with no honest claim
to said property and with the intent to de-
prive Pressly of his ownership therein, and to convert
the same to his or their use, "and if you shall further
believe and find from the evidence that the defendant
Cantrell was then and there wilfully present, aiding
and abetting and encouraging them so to do or either
of. them." The court refused the defendant's instruc-
tion numbered 7 in the following language: "The court
instructs the jury that the mere presence of the .de-
fendant at the time that C. A. Pressly was robbed, if
you believe and find that he was robbed, but did not
aid, abet, assist or encourage the defendants, Coleman.
and Duboise, then you will acquit him." It is claimed
by the State that this is covered by the second instruc-
tion. This is the converse of the State's instruction
and should have been given. [State v. Rutherford, 152
Mo. 124, 134; 1 Blashfield's Instructions (2 Ed.) sec.
143, p. 331.]

It may be that the jury would infer the converse of
the State's instruction, but not all jurors are skilled in
dialectics. The defendant's case should not have been
submitted to the jury on an inference. "The court must
instruct the jury upon all questions of law arising in
the case which are necessary for their information in
giving their verdict . . . and a failure to so in-
struct in cases of felony shall be good cause, when the
defendant is found guilty, for setting aside the verdict
of the jury and granting a new trial." [R. S. 1919,
sec. 4025, par. 4.] "On principle, whenever the court
in a criminal case undertakes to instruct on a question
of law for the guidance of the jury 'in giving their
verdict,' the instruction should guide them fairly, should
present both sides of a proposition, if it has two sides,
and this is so whether the attention of the court is

drawn to the matter by a request from either the State or the defendant, or whether the court proceeds upon the matter of its own motion.'' [State v. Harris, 232 Mo. 317, 321; State v. Palmer, 88 Mo. 568.]

III.   There was testimony on behalf of the appellant that after the robbery, Pressly, in the presence of Tom Haverstick, said to Cantrell, ''I know you didn't rob me, and I don't know who did; if you will give me fifty

Grand      dollars I will run away and they will never get
Larceny.   me.'' Pressly denied making this statement. If, however, the jury believed that Pressly made this statement, it is obvious they might have found Cantrell guilty of grand larceny by having surreptitiously stolen Pressly's watch and money from his person without the use of force or violence or putting him in fear of injury to his person.  Such an act is merely larceny and not robbery. [State v. Sommers, 12 Mo. App. 374, 375; State v. Parker, 262 Mo. 169, 178-180; State v. Spivey, 204 S. W. 259.]  It is not robbery to obtain property from another without violence, by artifice and trickery or by use of only sufficient force to remove the property from his pocket. [34 Cyc. 1800, note 25.]  Therefore the court should have given the jury an instruction on grand larceny.  The judgment is reversed and the cause remanded.

All of the judges concur.