STATE v. RUBEN BOYD, Appellant.—No. 39408.—193 S. W. (2d) 596.

Court en Banc, April 8, 1946.

*M. C. Matthes* and *J. W. Thurman* for appellant.

*J. E. Taylor,* Attorney General, and *Gordon P. Weir,* Assistant Attorney General, for respondent.

HYDE, J.—Defendant was convicted of murder in the second degree. The jury assessed his punishment at imprisonment in the State Penitentiary for a term of twenty-five years.

On defendant's appeal, the sole assignment of error is the refusal of the trial court to give his requested Instruction D-E. It is contended that this was a proper converse instruction to Instruction 1 given by the Court to which defendant was entitled under our rulings in State v. Fraley, 342 Mo. 442, 444, 116 S. W. (2d) 17, 19 (1); State v. Quinn, 344 Mo. 1072, 1075, 130 S. W. (2d) 511, 513 (3); and State v. Talbert, 351 Mo. 791, 796, 174 S. W. (2d) 144, 145 (3). The trial court, in a memorandum opinion overruling the motion for new trial, considered that the refusal of Instruction D-E could not have been prejudicial because it was not a proper converse instruction but merely repeated part of Instruction 1 in substantially the same language.

Defendant's evidence was that the deceased Paul White went to defendant's beer tavern, having previously stated he "was going to take the place", and upon arrival created a disturbance. When defendant told him he would have to quiet down or leave, he defied defendant, cursed him and advanced in a threatening manner, at the same time making a motion with his right hand toward his pocket. Defendant drew a pistol from his pocket and shot White, who died two hours later. According to the State's evidence, after an argument with defendant, White's brothers were taking him out of the tavern, and defendant followed them, pushing through the crowd to get to them, and shot White after he had reached the front door.

Instruction No. 1 submitted both first and second degree murder, defined the terms used, and authorized a verdict on the latter charge, as follows: "Bearing in mind the definitions heretofore given of the terms wilfully, premeditatedly and with malice aforethought, if you find and believe from the evidence that, in the County of Madison and State of Missouri, on or about the 11th day of December, 1943, the defendant Ruben Boyd feloniously, wilfully, premeditatedly, and with malice aforethought, but not deliberately, shot one Paul White with a pistol loaded with gunpowder and leaden bullets, and further find from the evidence that on or about the 11th day of December, 1943, the said Paul White died from the effects of such shooting, then they will find the defendant guilty of murder in the second degree, and unless they find the facts to be as stated in this last instruction, or if you find for defendant under Instruction No. 2, they will acquit the defendant of murder in the second degree."

Refused Instruction D-E was as follows: "The Court further instructs the jury that before you can convict the defendant in this case of second degree murder, you must find and believe from the evidence, and beyond a reasonable doubt, that on or about the 11th day of December, 1943, in the County of Madison and State of Missouri, the defendant did feloniously, wilfully, premeditatedly and with malice aforethought, but not deliberately, make an assault upon Paul White and did then and there with a pistol loaded with gun powder and metal or leaden bullets shoot and kill the said Paul White."

We reaffirm the rulings of the Fraley, Quinn and Talbert cases, for the reasons so well stated in the Fraley case, that "if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions." (Fraley case, 116 S. W. (2d) l. c. 20.) However, we do not think there was any prejudicial error in refusing Instruction D-E here, because we believe it is apparent that exactly the same matter, as therein set out, was fully and fairly covered by Instruction 1, and the requirement, that the state must establish beyond a reasonable doubt all facts essential to conviction, was fully covered by Instruction 5.

Instruction D-E required only an affirmative finding of the same facts, in substantially the same language, as did Instruction 1. The only difference was that No. 1 said, "if you find (setting out an affirmative finding of facts) . . . find the defendant guilty"; while D-E said, "before you can convict . . . you must find (exactly the same affirmative finding of facts) etc." It is difficult to imagine how the findings required by D-E could be more "fully and fairly covered" by another instruction than they are by No. 1 herein. They are not only fully and fairly covered but one is completely a restatement of the other, except that No. 1 is more favorable to defendant than D-E because it also contains a direction to acquit unless the jury does make the required affirmative finding of facts, and further reminds them of defendant's right to acquittal ██ on self-defense submitted in Instruction 2. Although called a converse instruction, D-E contained no direction to acquit on the basis that essentials of the offense "be not found" as suggested in the illustration of a converse instruction given in State v. Williams, 309 Mo. 155, 185, 274 S. W. 427, 436. To merely restate and require again the same affirmative findings would be more confusing than helpful. We, therefore, hold that defendant could not have been prejudiced by the refusal of Instruction D-E; and that the case was fairly tried and correctly submitted.

The judgment is affirmed. *Douglas, Gantt, Leedy, JJ.,* and *Clark, C. J.,* concur; *Ellison, J.,* dissents in separate opinion filed; *Tipton, J.,* dissents and concurs in dissenting opinion of *Ellison, J.*

ELLISON, J. (dissenting).—██ I respectfully dissent from the holding of the principal opinion that the trial court did not err in refusing to give appellant's instruction D-E, offered as a converse of the third part of the State's main instruction No. 1. This instruction, as printed in the record, was over three pages long. It contained the usual definitions, stated the usual presumptions, and then instructed on both first and second degree murder, of which latter the appellant was convicted. Then followed what may be called an "unless you so find clause," as follows:[1] "*and unless they find the facts as stated in this last instruction* . . . *they will acquit the defendant* of murder in the second degree." Following the above instruction No. 1 were three other State's instructions. The appellant's refused converse instruction told the jury that "*before you can convict the defendant* . . . *you must find and believe from the evidence, beyond a reasonable doubt*"—and then recited the same facts as the State's instruction No. 1 required to be found on the second degree murder charge. However, the offered converse instruction simplified those facts slightly, and required them to be found beyond a reasonable

---

[1] Italics and parentheses hereafter are mine unless otherwise noted.

doubt—which the ''unless you so find'' clause in the State's instruction did not do—though there was another State's instruction, No. 5, on reasonable doubt.

The principal opinion holds the refusal of appellant's converse instruction D-E was not ''prejudicial'' error for this sole reason: ''We believe it is apparent that exactly the same matter, as therein set out, was *fully and fairly covered* by''—the State's instructions No's 1 and 5. In other words, the opinion regards the ''unless you so find'' clause in the State's instruction No. 1 as the full equivalent of the appellant's refused converse instruction D-E; and looks to the State's instruction No. 5 on reasonable doubt as supplying that element, which the ''unless you so find'' clause omitted and appellant's instruction D-E includes.

This assigned reason that both instructions were directed to the same subject matter, is not a valid objection. For the law does not require a converse instruction to differ in subject matter from the instruction it offsets. The ordinary converse instruction, as here, does not attempt to do more than to state the antithesis of the State's instruction on the *same* facts. Hence, a converse instruction was defined by illustration in State v. Williams, 309 Mo. 155, 185(15), 274 S. W. 427, 436, as follows:

''It is well in this connection to understand what is meant by a converse instruction. An illustration may serve a better purpose than a definition. When an instruction given at the request of the State embodies all of the essential elements of the crime charged and instructs the jury that if these be found and believed they may find the defendant guilty, the defendant is entitled to a converse instruction that if these essentials be *not found* they may find the defendant not guilty.''

Under the general law in both civil and criminal cases a defendant is entitled to such an instruction on the main issue,[2] notwithstanding the State's main instruction usually *implies* its own converse. As was said in State v. Cantrell, 290 Mo. 232, 237, 234 S. W. 800, 801(2): ''It may be that the jury would *infer* the converse of the State's instruction, but not all jurors ▓ are skilled in dialectics. The defendant's case should not (be) submitted . . . on an inference.''

In practice there is no set form for converse instructions. Sometimes they are phrased to require either a negative finding[3] on the facts hypothesized in the State's instruction; or an affirmative finding on contradictory facts.[4] Also the jury may be told if they do *not*

[2] 16 C. J., sec. 2356, p. 964; 53 Am. Jur., sec. 582, p. 460, sec. 626, p. 587, sec. 650, p. 501; 23 C. J. S., sec. 1190(c), p. 734.
[3] State v. Fraley, 342 Mo. 442, 444, 116 S. W. (2d) 17, 19(1); State v. Majors (Mo. Div. 2), 347 S. W. 486, 488(2).
[4] State v. Boone, 70 Mo. 649, 653; State v. Jackson, 126 Mo. 521, 525, 29 S. W. 601, 602; State v. Cantrell, 290 Mo. 232, 237, 234 S. W. 800, 801(2); State v. Ledbetter, 332 Mo. 225, 227(3), 58 S. W. (2d) 453, 454(3); State v. Gillum, 336 Mo. 69, 72-3(1, 2), 77 S. W. (2d) 110-111(1, 2).

find certain facts they should acquit, as in the Williams case just quoted. Such instructions even may be in the nature of cautionary instructions operating as converses, and so called.[5] And they are often written as was the refused instruction D-E in this case, telling the jury before they can convict or, before they can find the defendant guilty, they must find specified facts submitted in the State's instruction[6]—this sometimes with and sometimes without any express direction to acquit if such facts be not found. Another form used in State v. Tucker, 333 Mo. 171, 177(4), 62 S. W. (2d) 453, 455(4), was "Unless you are convinced" of specified facts, "you cannot convict", etc. And certainly there can be no difference in substance and effect, whether the instruction, as here, tells the jury *before* they can convict the defendant they must find certain facts; or turns the statement around and tells them *if* they do not find, or fail to find, those facts they cannot convict, or must acquit.

The only real question in this case is whether the "unless you so find" clause in the State's instruction No. 1, as pieced out by the State's instruction No. 5 on reasonable doubt, was such a *full and fair equivalent* of the appellant's refused converse instruction D-E, that no error was committed in refusing the latter. The principal opinion holds it was, and in so doing says it *reaffirms* the last three rulings of this court on the question, the Fraley, Quinn and Talbert cases,[7] decided by Division 2 at a time when that Division had exclusive jurisdiction of criminal cases unless they had been transferred to the court en banc. I submit that the principal opinion is *not* following those cases but is overruling them while professing to follow them. If they are to be overruled it would be much better and less confusing to the bar and to our jurisprudence to say so now. To determine the question it will be necessary to review those three decisions, but first let us take a brief glimpse at the prior state of the law.

The question always has been a close one. The right to a converse instruction was upheld only by a divided vote in the first decision on that point, State v. Boone, supra[4] decided in 1879. But nevertheless, prior to 1919 when State v. Levitt, 278 Mo. 372, 378(3), 213 S. W. 108, 109 was decided, the doctrine seems to have been established without interruption, that the defendant was entitled to a converse of the State's main instruction on formulation and request, notwith-

---

[5]State v. Markel, 336 Mo. 129, 134(4), 77 S. W. (2d) 112, 115(7); State v. Foley, 144 Mo. 600, 620(3), 46 S. W. 733, 738(3).

[6]State v. Buckner (Mo. Div. 2), 80 S. W. (2d) 167, 169(8); State v. Johnson (Mo. Div. 2), supra, 234 S. W. l. c. 796(7); State v. Rutherford, 152 Mo. 124, 134, 53 S. W. 417, 420(4), as appears in the original record on file here. State v. Whitchurch, supra, 339 Mo. l. c. 123(2), 96 S. W. (2d) l. c. 34(2). However this case was decided on another point and the form of the instructions was not ruled upon.

[7]State v. Talbert, 351 Mo. 791, 796, 174 S. W. (2d) 144, 145(3); State v. Quinn, 344 Mo. 1072, 1075(3), 130 S. W. (2d) 511, 513(3); State v. Fraley, 342 Mo. 442, 444, 116 S. W. (2d) 17, 19(1).

standing the instruction introduced no new matter and was a simple converse, covering the same subject matter as the State's instruction. However, the Levitt case also was on a divided vote, the writer of the opinion holding the defendant was entitled to the converse instruction, and the other two judges disagreeing on that point without opinion.

The next year State v. Dougherty, 287 Mo. 82; 90(3), 228 S. W. 786, 788(7), apparently veered toward the idea that an "unless you so find" clause in the State's main instruction might be sufficient to tell the jury all that a converse instruction on the same issue would have told them. But the decision added: "If more was desired a request should have been made therefor," thus, showing there was no request for a converse instruction in that case. [The original record on file here shows it to be ▮▮▮▮ a fact that no such request was made except in appellant's brief on appeal.] Then, during the eight years between 1925 and 1933 five other cases were decided,[8] which held in substance that if the State's main instruction contained an "unless you so find" clause, that clause itself would be a sufficient converse of the issuable facts stated therein; and that a defendant's requested converse instruction properly could be denied. These cases purportedly followed the Dougherty case, but ignored the fact that no converse instruction had been requested in that case.

Thereafter, the tide set in the other way. Some of the foregoing decisions were reviewed by Tipton, J. in 1933 in State v. Ledbetter, 332 Mo. 225, 228(3), 58 S. W. (2d) 453, 454(3). That case declared the uniform rule to be that a defendant is entitled to a proper requested converse of the State's main instruction unless the State's instructions *clearly* submit the converse. And the cause was reversed and remanded for error in refusing the defendant's tendered converse instruction. State v. Tucker, 333 Mo. 171, 177(4), 62 S. W. (2d) 453, 455(4), decided later the same year expressly held two ordinary "unless you so find" clauses in State's instructions therein, "did not so *fairly and fully* present" appellant's defense, as to justify the refusal of his requested converse instruction.

The Whitchurch and Day cases[9] decided in 1936, both adhered to the "uniform" rule stated in the Ledbetter case, supra.[10] Then

---

[8]State v. Sloan, 309 Mo. 498, 512(V), 274 S. W. 734, 738(6); State v. Nasello, 325 Mo. 442, 467(XIII), 30 S. W. (2d) 132, 141; State v. Messino, 325 Mo. 743, 770(VIII), 30 S. W. (2d) 750, 762; State v. Hill, 329 Mo. 223, 230(II), 44 S. W. (2d) 103, 105; State v. Berezuk, 331 Mo. 626, 635(6), 55 S. W. (2d) 949, 953(9,10).

[9]State v. Whitchurch, 339 Mo. 116, 123(2), 96 S. W. (2d) 30, 34(2); State v. Day, 339 Mo. 74, 80, 95 S. W. (2d) 1183, 1186(9).

[10]In the Whitchurch case a defendant's right to a converse instruction was held debarred by a clause in the State's instruction on second degree murder. But it was a different kind of a clause negativing evidence of certain statutory defenses. Secs. 4379-4381, R. S. 1939, Mo. R. S. A. Since the clause was not of the "unless you so find" type, the Whitchurch case is not authority here, right or wrong.

followed our last decisions, the Talbert, Quinn and Fraley cases, supra.[7] In all of these the State's instruction contained an "unless you so find" clause, but nevertheless it was ruled that the trial court erred in refusing the defendant's offered converse instruction. The principal opinion in this case says it reaffirms the rulings in those three decisions "for the reasons so well stated in the Fraley case." Let us look at the facts and reasoning in the Fraley case and see if the principal opinion follows them.

The opinion in the Fraley case condensed and set out the State's instruction on grand larceny there given, together with the "unless you so find" clause appended thereto. Examination of the original record shows the opinion fairly abstracted the instruction, eliminating only formal matter and immaterial details. In substance it told the jury if they found the defendant stole the property at a designated time and place, they should find him guilty; and the defendant's refused converse instruction simply charged that if they found he did *not* steal it they should acquit him. Both instructions dealt with exactly the same subject matter, and yet the court in the Fraley case held it was error to refuse the converse instruction, the reason given being that the "unless you so find" clause in the State's instruction did not *fairly and fully* present the converse issue from the defendant's standpoint—this being the ground on which the Tucker decision, supra, was based.

In the discussion preceding its final conclusion, the Fraley opinion pointed out that the Sloan, Hill and Berezuk cases,[8] recently theretofore decided the other way, had conceded that converse instructions properly could have been given therein, and indicated reluctance in ruling it was not "reversible" error to refuse them because of the presence of the "unless you so find" clause in the State's instruction. The Fraley opinion then asked: "Should a defendant be denied a correct converse instruction, offered by him, merely because the State's 'main' instruction concludes with the words '. . . and unless you so find you will acquit the defendant'?" The opinion conceded the rulings in the Sloan and other cases, supra, had authorized such action on the part of the trial court, but announced its own conclusion as follows:

"That ruling, however, we deem to be unsound. ▪▪▪ It does not seem just. . . . If the defendant prepares such an instruction, correct in every respect, and asks that it be given, why should it be refused? What legal reason is there to deny him such an instruction? . . . In civil cases defendants have the right to submit their defenses by instructions in a *direct* way. The rule should not be otherwise where life and liberty are at stake. We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions. We rule that the

practice of concluding the State's main instruction with the following words, '. . . and unless you so find, you will acquit', or words of like import, is *not* a sufficient reason for refusing a correct converse instruction offered by the defendant. Therefore, the Sloan and other cases (supra) upon the point in question are hereby overruled."

The Quinn case, supra,[7] opinion by Leedy, J., underwrites the Fraley case in toto, and quotes from it extensively. It holds the trial court erred in refusing the converse instruction offered by the defendant, notwithstanding the State's main instruction concluded with an "unless you so find" clause. The decision ruled that the defendant had a right to have his defense submitted to the jury in a *direct* way [the italics being by the author of the opinion]; and that a mere "unless you so find" clause in the State's main instruction did not *fairly and fully* present the defendant's defense so as to warrant the refusal of his offered converse instruction. An examination of the original record shows the State's main instruction in that case charged the appellant alone, or jointly with others, with grand larceny of a cow. The defendant offered two converse instructions, both of which were refused, one of which, condensed, told the jury that *unless* they found he did steal the cow they must acquit, and the other that if they found he did *not* steal the cow they must acquit.

The Talbert case, supra,[7] does not make a clear ruling on the converse instructions there involved, and is of no specific value here as a precedent either way, though it recognizes the Fraley and Quinn cases as authority.

In view of the holding in the Fraley and Quinn cases just reviewed, the writer is unable to see how the principal opinion here can reaffirm those two decisions as authority, and yet assert the trial court did not err in rejecting instruction D-E offered by appellant in this case as a converse. In those two cases and in this one the subject matter of the State's instructions and of the converse instructions were the same, and the converse instructions were substantially like the one here. Those cases held they should have been given: in this case the principal opinion holds it was not reversible error to refuse it. Our decisions have vacillated too much on this question in the past. Let us settle the question one way or the other and either overrule the Fraley and Quinn decisions or follow them in this case.

Everyone will agree that the defendant-appellant in a criminal case cannot usurp the power of the trial judge to control the instructions; and that it is usually unnecessary for a converse instruction to reiterate all the formal parts of the State's main instruction. The trial judge has the power to modify instructions which are faulty or prolix; and to write converse matter into the State's instruction, if such matter is stated with *equal clarity and impressiveness*. But all the recent decisions of this State, including the principal opinion now, hold the appellant is entitled to a converse instruction

on the main issue if it is in reasonable form, and the State's instruction has not presented the issue fairly and fully. But that means as fairly and fully as it would be presented by a converse instruction written from the defendant's viewpoint. Our most recent decisions say an "unless you so find" clause does not do that. That right would unhesitatingly be granted in a civil case. In this case the colorless clause is inserted in the State's main instruction No. 1, which is over three pages long and followed by three other State's instructions.

I respectfully dissent. *Tipton, J.,* concurs.