STATE of Missouri, Plaintiff-Respondent,

v.

Donald David ATKINS,
Defendant-Appellant.

No. 38036.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 12, 1977.

Baron & Liberman, Norman W. Pressman, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, David L. Baylard, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis, over-ruling movant-appellant's Rule 27.26 motion to vacate judgment and sentence, imposed upon a plea of guilty, to two counts of first degree robbery. The Circuit Court denied the motion without holding an evidentiary hearing.

Appellant was charged with and pleaded guilty to two counts of first degree robbery. In Cause No. 75–247–B, appellant Atkins and a friend entered the house of George Crider. Crider, a quadriplegic, had in his possession a sum of money kept in his home by his sister, Opel Henderson. Upon entering the house, one man held Crider's head down while the other proceeded directly to the closet where the money was kept. In Cause 75–1763, two men left a tavern early in the morning and were robbed of $90 by Atkins and another man. Several witnesses recognized Atkins and informed the police. Subsequently Atkins was arrested and identified by the informants.

Appellant's 27.26 motion alleges: 1) The acts committed by the individual who removed the money from George Crider's house did not constitute first degree robbery as a matter of law; 2) the only evidence against the appellant in 75–1763 was illegally tainted identification evidence; 3) the appellant's counsel below was incompetent; 4) the trial judge failed to give thorough allocution, and the acts of the assistant circuit attorney in misstating the facts in the case resulted in a grave injustice because the court accepted both pleas of guilty under an incorrect impression of facts.

After examining the transcript of the guilty pleas and the briefs, we conclude that the trial court did not err in overruling the appellant's motion to vacate the sentence.

Appellant argues that his acts did not constitute robbery as a matter of law. The essence of first degree robbery as defined in § 560.120 RSMo 1969 is the felonious taking of the property of another from his person or in his presence and against his will. It may be committed ei-

ther by violence or by putting the victim in fear of immediate injury to his person. *State v. Churchill,* 299 S.W.2d 475, 478[3, 4] (Mo.1957).

Appellant argues that Crider did not have custody of the money as a matter of law. Appellant contends that the money was not taken from the person of Crider, nor in his presence, as the money was in the closet of another room in the house. We disagree. Property need not be taken from the immediate, physical presence of the victim in order to constitute robbery. If property is forcibly taken from a room adjoining the room in which the victim is located, the property is taken in the presence of the victim. *State v. Williams,* 183 S.W. 308 (Mo.1916). In *State v. Williams, supra,* robbers shot the victim and then took money from an adjoining room. The court found that the property was taken in the presence of the victim. Property may be taken in the presence of the victim even though the property is taken from outside of the building in which the victim is located. *State v. Hayes,* 518 S.W.2d 40 (Mo. banc 1975). In *State v. Hayes, supra,* the robber forced an automobile owner into a jail cell, took the car keys, and took the automobile which was parked outside. The court found that the property had been taken in the presence of the victim. In the present case, Crider was the custodian of his sister's money. From the facts stated and the cases cited, it is clear that there is sufficient evidence to support the finding that property was taken in his presence.

Appellant also argues that his actions did not constitute robbery as a matter of law because the money was not taken by force or violence from Crider. This argument is without merit. Appellant argues that holding down Crider's head had no connection with taking the money. Because Crider was a quadriplegic, he was unable to respond to or resist the force. Appellant compares this situation to taking property from intoxicated persons by force. However, the key factor in the intoxication cases is the victim's unawareness of the

robbery. In this case, Crider was not in a state of unawareness. That he was unable to defend himself does not mean that he was not put in fear of some immediate injury to his person.

To constitute robbery, the act of taking property must be committed either by violence or by putting the victim in fear of immediate injury to his person. Such violence or fear must be prior or contemporaneous with the robbery. *State v. Wilborn,* 525 S.W.2d 87, 90–91[1] (Mo.App.1975). Section 560.120, *supra,* does not require proof of both "violence to person" and "putting him in fear of some immediate injury." Nor must the fear of immediate injury be expressly shown. *State v. Thompson,* 299 S.W.2d 468, 474[14, 15] (Mo.1957). Given Crider's physical disabilities, it is clear that holding down his head constitutes violence upon his person and also put him in fear of some immediate injury to his person.

Appellant argues that the charge against him should have been larceny. Larceny is defined as taking property without using force or violence or without putting the victim in fear. *State v. Cantrell,* 290 Mo. 232, 234 S.W. 800, 802[4] (1921). Robbery is distinguished from other offenses in that the property is under the control of the victim so that violence or putting in fear is used as the means of taking the property from the victim's possession. *State v. Hayes, supra,* at 45[3]. The evidence is sufficient to support a finding of presence and the use of violence of putting in fear, thus appellant's allegation is unfounded.

■ Appellant's second contention is that the only evidence against him in Cause 75–1763 was illegally tainted identification evidence. This contention is based upon the police report in the appendix of the appellant's brief. This document is not part of the record on appeal, and the facts asserted in the report may not be reviewed on this appeal. This court may only consider those matters presented on the record made in the lower court. *State v. Collett,* 526 S.W.2d 920, 929[4] (Mo.App.1975). The appellate court is limited to a consideration of

the evidence in the transcript. *Kansas City v. Mathis,* 409 S.W.2d 280, 288[14] (Mo.App. 1966).

 Appellant's third contention, that counsel at trial was incompetent, is also without merit. Appellant argues that counsel allowed appellant to enter a guilty plea to first degree robbery in Cause 75–247–B and counsel failed to advise appellant of the allegedly illegally tainted evidence in Cause 75–1763. However, once a guilty plea is entered, a determination of adequacy of representation by defense counsel is immaterial, except as it bears on the issues of voluntariness and understanding of the plea. *Baker v. State,* 524 S.W.2d 144, 148[4] (Mo.App.1975). At the guilty plea proceedings, the appellant acknowledged: 1) the prosecutor's recitation of the acts charged in both cases were "substantially true"; 2) he knew of his right to a trial by jury; 3) he knew he was waiving a jury trial by entering a plea of guilty; 4) he was aware that the range of punishment was from five years to life; 5) he knew the nature of the charge against him; 6) he was pleading guilty because he was, in fact, guilty; 7) his plea was voluntarily made; and, 8) he was satisfied that his attorney had rendered effective assistance in connection with his case. Thus, the transcript of the guilty plea proceeding indicates that the plea was entered by the appellant both voluntarily and with understanding.

 The fourth contention is twofold. The first argument is that the trial judge failed to give a thorough allocution. This is without merit because on a plea of guilty, allocution is not required. *Goodloe v. State,* 486 S.W.2d 430, 432[1] (Mo.1972).

 The second argument under this contention is that the "assistant Circuit Attorney misstated the facts in the case which resulted in the court accepting both pleas of guilty under an incorrect impression of facts. This contention is not preserved for appellate review because it is stated for the first time on this appeal. On an appeal from judgment overruling a motion to va-

cate the sentence, the reviewing court cannot consider grounds for relief not raised in the motion. *Griffith v. State,* 504 S.W.2d 324, 329[7] (Mo.App.1974); *Schleicher v. State,* 483 S.W.2d 393, 394[2] (Mo. banc 1972).

The files and records of the case conclusively show that the appellant is not entitled to any relief as alleged in his 27.26 motion. The court did not err in summarily denying the motion. The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.