STATE v. LEONARD HUFF, Appellant.—No. 38885.—181 S. W. (2d) 513.

Division Two, June 5, 1944.

Rehearing and Motion to Transfer to Banc Denied, July 3, 1944.

*J. Arthur Francis* and *Arthur T. Brewster* for appellant.

1162

*Roy McKittrick*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

1164

■■■ WESTHUES, C.—This is the second appeal in this case. See State v. Huff, 173 S. W. (2d) 895. This case was remanded because the appeal was deemed premature. By the verdict of the jury appellant was found guilty of burglary and larceny. The jury assessed a punishment of two years' imprisonment for the burglary but did not assess any punishment for the larceny. Neither did the trial court fix a punishment for the larceny. The case was remanded with directions to the trial court to fix the duration of the imprisonment for the larceny and "enter a new judgment sentencing defendant on both charges." The trial court, pursuant to that mandate, fixed the punishment for the larceny at two years' imprisonment. It then sentenced the defendant to serve two years for the burglary and two years for the larceny, the latter sentence to run concurrently with the first. From these sentences appellant duly appealed to this court and the case is here on the merits.

■■ Appellant contends that the evidence was insufficient to sustain a conviction. To this we cannot agree. The charge was that appellant burglarized the post office at Annapolis, Iron county, Missouri, on December 14, 1940, and took therefrom a number of parcel post packages containing various articles of merchandise which were described in the information. The postmistress testified that on the morning of December 15, her attention was called to the fact that the rear door of the post office was open. Upon investigation she found that the door had been forced open during the night of December 14, and that a heavy parcel post package addressed to one Beulah Brewer was missing. Later other packages were found missing. The evidence disclosed that there was a dance in progress at a cafe near the post office on the night of December 14, which appellant attended. A witness testified that he saw appellant by a window of the post office on that night and later saw someone in the building; that shortly thereafter he saw appellant leave the post office building by way of the back door carrying a tow sack which apparently contained some articles. A few months later a tire pump, tire spoon, car jack and other articles were found on a place which had been occupied by appellant during the month of December. Mrs. Brewer

testified that she had ordered the articles mentioned above and had not received them. A Mrs. Bellinger testified that she and her daughter found the articles mentioned above on the place which defendant ■■■■ had occupied. The defense, on cross-examination of this witness, materially strengthened the state's case. Note a portion of this evidence:

"Q. That was some three months after the post office was broken into? A. Yes.

"Q. What had those things been doing the three months? A. They were hid up there in the woods.

"Q. How long did you know where they were at? A. I did not know until we went and got them. We had hunted the woods for them. I knew they were up there in the woods. She thought somebody had found them.

"Q. Marie told you where they were? A. She said there a bucket of things there that Leonard had hid. ·

"Q. Is that all you found? A. That was all we found, the jack and the pump and tire spoon and little dinner buckets and rubber dolls."

"Q. All you known about this case is what someone told you? A. What about the things he rolled up in the sack the next morning?

"Q. I asked you if you know anything about this case, as to what happened? A. I know Leonard Huff robbed the post office.

"Q. How do you know that? A. Because my daughter told me he came in and told her he robbed the post office and used gloves.

"Q. What daughter? A. Marie.

"Q. Did you report that? A. Yes.

"Q. When? A. A while after.

"Q. Why didn't you report it sooner? A. Because I did not want to.

"A. I had told Charley before that we were on the hunt of these things. We had made a trip up there and hunted these things.

"Q. How many trips did you make? A. We went two trips. The first time we could not find them. The next time we found them.

"Q. She told you where they were? A. She did. We had been up there and she mentioned it to Leonard and she said Leonard told her where to find those things.

"Q. Is that when Leonard was in jail? A. Yes."

Charley, referred to by the witness, was the sheriff of the county, and when the witness spoke of Marie or "she" reference was made to the daughter of the witness. Marie was on friendly terms with the defendant and testified for him, contradicting the evidence of the mother. The credibility of the evidence was for the jury. There was substantial evidence to support the verdict of guilty.

■ Appellant complains because the trial court permitted the state to introduce two buckets in evidence. These articles were alleged to have been found with the other articles above mentioned. Appellant's counsel did not object to evidence concerning these buckets· and he cross-examined witnesses with reference to their identity and as to the mutilation·of the identification marks. These buckets and the evidence concerning them were admissible because this was a circumstance to be considered by the jury. A witness testified that two such buckets had been ordered by him from a mail order house and had not been received. It is evident that appellant's point is without merit.

■ In addition to the charge of burglary and larceny the information alleged that appellant had previously been twice convicted and had served two sentences in the penitentiary. These convictions were proven by certified copies of the judgments and were admitted by the defendant when he testified. The trial court instructed the jury in substance that if it found defendant guilty of burglary and also that he had been previously convicted, his punishment should be assessed at ten years' imprisonment in the penitentiary. The issue of whether the defendant had committed a larceny was submitted in the same manner, that is, if the jury found appellant had committed the larceny and had been previously convicted his punishment for the larceny should be fixed at five years' imprisonment. Had the jury followed the instructions, appellant, if found guilty of burglary and larceny, would have received sentences of ten years and five years respectively. Appellant contends the instructions were erroneous because they failed to instruct the jury that it could find the defendant guilty of burglary and larceny but that he had not been previously convicted. This question was fully discussed and previous opinions of this court considered in the case of State v. Kimbrough, 350 Mo. 609, 166 S. W. (2d) 1077. ■ That case ruled the point made by appellant contrary to his contention. We need not reconsider the question here. It will be noted that the jury, in spite of the instructions given, gave the defendant the benefit of his contention because he received the minimum punishment on each charge. He is therefore in no position to complain.

■ Appellant complains of instruction number four which informed the jury that the evidence of former convictions of the defendant was not to be received as ·any evidence of the defendant's guilt in the case on trial "but it is to be received by the jury solely and exclusively for their consideration in determining defendant's credibility as a witness in this case." That instruction was favorable to the defendant. The instruction was correct except that if the jury believed the evidence concerning appellant's former convictions and found him guilty of the charge for which he was on trial it was in duty bound to assess the maximum punishment. It is evident, there-

fore, that the instruction was to the benefit of the defendant and not prejudicial.

Again, appellant complains that the jury was not instructed that it could convict appellant of burglary and acquit him of larceny, or could convict him of larceny and acquit him of burglary, or that he could be convicted of both or acquitted of both charges. As we indicated above the burglary charge was submitted in one instruction and the question of larceny in another. Two separate instructions. Each concluded with the words, "and unless you shall so find and believe from the evidence, you will find the defendant not guilty." The instructions, therefore, gave the jury the authority to do just what appellant contends it should have been instructed it could do.

Next appellant complains that the trial court in pronouncing judgment and sentence erred because the sentences were contrary to the directions given by this court. Appellant did not point out in his brief wherein the sentences were erroneous. The state also asserts that the sentences were erroneous in that the court had no authority under the law to order the two sentences to run concurrently. Appellant was charged in one information with burglary and larceny and the jury found him guilty of both. Sec. 4849, Mo. Rev. St. Ann., Rev. St. Mo. (1939), reads as follows:

"When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction."

Sec. 4448, Mo. Rev. St. Ann., Rev. St. Mo. (1939), provides that if any person committing burglary shall also in connection therewith commit larceny he shall be punished by imprisonment in the penitentiary in addition to the punishment for the burglary for not less than two nor more than five years. We are of the opinion that sec. 4849, supra, does not permit the sentences in this case to run concurrently. In State v. Harris, 336 Mo. 737, 81 S. W. (2d) 319, l. c. 321, etc., (1, 2), this court had the following to say on this subject:

"After discussing the origin and purpose of the New York statute from which ours was taken the court further said, 304 Mo. loc. cit. 405, 264 S. W. loc. cit. 7: 'The statute did not purport to give the courts any power to impose cumulative sentences. It took from them the power, in certain cases, to impose any sentence other than a cumulative one. It did this by writing itself into every sentence, in the kind of cases it described, as a part of such sentence.' See also Ex parte Durbin, 102 Mo. 100, 14 S. W. 821; Ex parte Turner, 45 Mo. 331."

The citation referred to in the quote is State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S. W. 1. The sentences in this case should,

1168

therefore, run consecutively and not concurrently and they should be modified to so read. However, it is not necessary to remand this case to the trial court for correction of the judgment because this court has authority to do so. See Sec. 4155, Mo. Rev. St. Ann., Rev. St. Mo. (1939); State v. Lewis, 273 Mo. 518, 1. c. 536, 201 S. W. 80; State v. Harris, 337 Mo. 1052, 87 S. W. (2d) 1026, 1. c. 1030; State v. Franks, 339 Mo. 86, 95 S. W. (2d) 1190, 1. c. 1192 (6, 7).

The judgment of conviction of appellant of both burglary and larceny is therefore affirmed. It is ordered and adjudged that appellant, Leonard Huff, be confined in the penitentiary for a term of two years for the burglary and two years for the larceny; that the latter sentence commence at the expiration of the sentence for the burglary. It is further ordered that the marshal of this court convey said Leonard Huff to the state penitentiary and deliver him to the warden thereof there to be imprisoned for the period of the sentences imposed or until he be otherwise discharged by due course of law. It is further ordered that the clerk of this court furnish the warden with a certified copy of this order. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.