Calvin E. Wilkerson

*v.*

State of Tennessee.

377 S.W.2d 1.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

(1)

2

RAY L. JENKINS, Knoxville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Plaintiff in error, Calvin Eugene Wilkerson, was convicted of robbery, accomplished by the means of a dangerous weapon and sentenced to serve twenty years in the State penitentiary.

In the trial court he was represented by two very competent Knoxville lawyers, who were appointed to do this service by the trial judge. After the trial had ended and a conviction procured by the State, this appointed counsel prepared for Wilkerson a narrative bill of exceptions and perfected an appeal. After doing this, this appointed counsel for excellent reasons assigned in a letter to the trial judge withdrew from the case. When the record reached the Clerk's office of this Court, a member of the Court was informed of the fact that the trial counsel had withdrawn, and on this information this Court appointed the present counsel, the Honorable Ray L. Jenkins, to represent the plaintiff in error. This suit is an illustration of what the bar does in exercising all of its facilities, means, energy and knowledge in representing one when he is appointed by the Court to do so.

It is remembered that counsel receives absolutely no compensation. From what is hereinafter to be related it will be seen what the present counsel has done to try in every legitimate way to relieve this man from this conviction. This record likewise shows that the trial counsel did all that was possible for them to do.

The assignments of error herein and brief filed on behalf of this man by Mr. Jenkins is one of the best prepared briefs and the most persuasive that the writer of this opinion has read. Frankly, reading this brief without reading the entire record one is almost persuaded on account of the logic, reason and sympathy for the man that is brought forth in the argument.

█ The first assignment is that the trial court erred in failing to appoint a court reporter in the case. This assignment is fully answered by the opinion of this Court in *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157, and no further comment is necessary to answer this assignment. From what has just been said, it is obvious that the bill of exceptions here is in the narrative form.

The second assignment presents the argument, very persuasively made, that the evidence preponderates against the verdict and in favor of the innocence of the accused; while the last assignment is that the sentence is excessive, showing passion, prejudice and caprice on the part of the trial jury.

In answer to these last two assignments of error it thus becomes necessary for us to make a brief review of the facts as shown by this narrative bill of exceptions.

The record shows that the operator of a package beer store in Knox County was robbed about 10:30 P.M. on

4

Saturday night, June 25, 1960. This operator testifies that a man came in his store and ordered a carton of beer, and that when he, the operator, reached to get the beer, the plaintiff in error pointed a pistol at him and demanded the money from the cash register which amounted to about $275.00. He then says that the plaintiff in error also took his wallet which contained about $65.00, and after this was done the plaintiff, in error had the operator of the store walk to the back of the store and ordered him to get into the cooler and threatened the operator with death if he left the cooler. The operator of the store did leave the cooler immediately upon plaintiff in error's leaving the store and plaintiff in error shot at him two or three times before he got away in a two-tone automobile which was waiting for him.

Some two or three days later the police officers arranged a lineup of suspects which contained the plaintiff in error as well as his brother (a noted criminal in this section of the State). From this lineup the operator of this package store identified the person who robbed him.

There were some five or six men arranged in this lineup and the plaintiff, in error was in the center while his brother was near the opposite end of the lineup. When the operator of the store came to the plaintiff in error he immediately identified him as the one who robbed the store and did not go further according to the record and view the other men in the lineup. The argument is thus very ably made that in view of what transpired afterwards and the long criminal record of the brother who was on the opposite end of the lineup that this was a failure of identification, because if the victim had gone further and seen the brother he would have identified

him as the perpetrator of the crime rather than the plaintiff in error. In effect this defense was made at the trial, but the jury did not accept this defense and it is hard for anyone now in view of the broad publicity that the brother had had in his criminal acts to believe that a jury could have convicted this man if there was any doubt in their mind as to the identification of the plaintiff in error.

The proof also shows that when the officers picked up the plaintiff in error they went to the home of the brother of the plaintiff in error and asked for the brother, Jack Wilkerson, and at that time plaintiff in error identified himself as Jack Wilkerson. In his testimony in the original case he says he told them that because his brother's wife was ill and he didn't want her to be worried about the matter, or something to that effect.

Later the brother was apprehended, that is, he was apprehended after the conviction herein. When apprehended, he made a statement or confession that he, the brother, Jack Wilkerson, rather than the plaintiff in error committed this robbery. As a result of this confession of the brother, Jack, present counsel for the plaintiff in error filed a petition in Criminal Court for a writ of error *coram nobis* pursuant to Section 40-3411, T.C.A.

This writ was based on an affidavit of the plaintiff in error wherein he again denied that he committed the crime, the confession of the brother and affidavits of counsel who represented the plaintiff in error in the trial court. In a hearing on this petition the trial court denied the petition because the confession of the brother was not made until after the conviction of the plaintiff in error and because there was positive evidence in the

original trial of the identification of the plaintiff in error and by the victim of the robbery offered again on this petition for a writ of *coram nobis* wherein he says that after the brother, Jack, had been apprehended he looked over both brothers in jail and was more than ever satisfied that the plaintiff in error was the guilty party and not the brother, Jack.

The court in the petition for the writ of *coram nobis* likewise made this comment:

"Moreover, the Court having seen both brothers, sees a vast difference in size, hair, and facial expression between this petitioner defendant Calvin and his brother Jack. Calvin is slight built, thin faced, and pale with sharp features and an extra high forehead with thin hair whereas Jack is well built, is full faced, with rounded features, with thick dark hair and ordinarily high forehead."

Thus it was the opinion of the trial court, who tried the case originally, in the writ of *coram nobis* that there was no mistake made in the identification from his, the trial court's, own observation. Thus it is that what was heard and said in the writ for *coram nobis* greatly buttresses the original bill of exceptions and finding of the jury in the original case. What the trial court has said on this petition for the writ of *coram nobis* and his approval of the original verdict should be given the weight of a jury verdict.

It might not be amiss to comment on the fact that the plaintiff in error took the stand in the original case in his own behalf and testified that he was married and had some children and lived in Florida; that he came to Knoxville in February, 1960, to live with his brother

(the robbery took place on June 25, 1960) ; that he knew nothing of the robbery of this store; had never seen the victim of the robbery until he was picked out in the jail lineup. He further said he did not own a pistol, nor did he carry one; he told the officers that he was Jack Wilkerson, the brother, at the time of the arrest because Jack Wilkerson's wife was pregnant and he did not want her to be worried. He admitted that Jack Wilkerson was at least a head taller and admitted some of these things that the trial judge commented upon, above quoted. He said, too, that he was a good automobile mechanic and didn't have to rob to make a living, but he showed that he had not been regularly employed since he came to Knoxville from Florida in 1960.

■■ For very sound and obvious reasons the trier of facts, that is the jury and the trial judge, who see all of these witnesses, hear them testify, see their demeanor, and everything of the kind that does appear before a trial court, have a far, far better opportunity to judge who is expressing the truth, telling the real facts about the occurrence than do we who have only the narrative record. For this reason this Court and all others that we know anything about under our system of jurisprudence in this country have determined that this body, that is the jury and trial judge, determines the credibility of the witnesses, and their finding of fact on these things is almost precluded when it reaches this Court. For here the burden is upon the one convicted to show that these things preponderate against the finding of the trial court. Sometimes this does occur, that is, that we conclude that the evidence preponderates against such finding, but nowhere do we know, nor has it been pointed out to us, that where a situation arises as here, that is, it has gone back

a second time to the trial court and the trial court himself makes specific findings that he is absolutely confident that the identification made was correct and clearly shows by his statements that if he had the slightest doubt about it and believed that the brother was the one that committed the crime he would have granted this writ of *coram nobis* and the man herein would have been thus entitled to a new trial.

After carefully considering the entire matter, we are satisfied that there is no error in this record.

Our thanks must be expressed to counsel representing this man here for the very able and excellent representation he has put forward in behalf of the man.