**STATE of Missouri, Respondent,**

v.

**Melvin Oliver GRIDLEY, Alias Bill Gridley, Appellant.**

No. 48722.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

James A. Poynor, Joplin, for appellant.

Thomas F. Eagleton, Atty. Gen., Robert E. Hogan, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Defendant Melvin Oliver Gridley was convicted by a jury in the Circuit Court of Jasper County, Missouri, on a charge of burglary and stealing. The information alleged that Gridley had been previously convicted of crimes and had served prison sentences therefor. The trial court heard evidence as to these previous convictions and made a finding to the effect that defendant had served six separate sentences. The court fixed defendant's punishment at ten years' imprisonment in the penitentiary for the burglary and five years' imprisonment for the stealing, the sentences to run consecutively. From the judgment entered, the defendant appealed.

Defendant has not filed a brief so we look to the assignments of error in the motion for new trial which the trial court overruled. We shall ignore those assignments that do not comply with our rules and preserve no point for review.

The defendant, in a number of assignments, asserted that the evidence was insufficient to sustain his conviction. Among these are that the trial court erred in finding the defendant had served sentences for criminal convictions and that the evidence offered by the State to support the present charge was by a witness who was an accomplice and was not worthy of belief. We shall dispose of these points by stating the evidence offered by the State. The defendant did not introduce any evidence.

Charles Little, a groceryman, testified that on the morning of January 15, 1960, he arrived at his place of business in Duenweg, Jasper County, Missouri, and found that the front door had been forced open. An examination of the store disclosed that merchandise of the value of over $100 and some cash had been taken. He stated that he had locked the door the evening before.

■■ Cecil Weber testified in detail as to the various places he, Fred Moore, and the defendant had visited on the evening of January 14, 1960, including a trip to Tulsa, Oklahoma; that they had agreed to burglarize the Little Grocery Store which was done in the early morning hours of January 15, 1960. Weber testified that he drove the car and acted as the lookout man while the other two went into the store, carried out the merchandise and a cash register, and placed them in the car. The cash register was thrown in a ditch by the side of a road. Weber stated that on the following evening the defendant gave him, the witness, a sum of money as his part of the loot. Weber was cross-examined at length but his version of what occurred was not shaken. He freely admitted that he had served a prison sentence. We rule that the evidence was ample to sustain a finding by a jury that defendant was guilty as charged. A conviction may be had on the uncorroborated evidence of an accomplice. State v. Brim, Mo., 339 S.W.2d 775, l. c. 779, 780(4).

■ The trial judge heard evidence as to the previous convictions of the defendant. There was evidence by records from a number of courts and prisons that defendant had served six separate terms in various prisons. Photographs were introduced to prove identity. More need not be said to demonstrate that the trial court was justified in finding that defendant had served prison sentences.

■ The defendant complained because the trial court refused his tendered instructions numbered 11, 12, 13, and 14. No. 11 concerned the evidence of an accomplice; No. 12, the credibility of witnesses; No. 13 and No. 14, the burden of proof. Instructions given by the court fully covered all of these matters and the court was not required to give duplicate instructions. The points must be ruled against the defendant.

■ In one assignment, defendant stated that the court erred in giving "instruction Number 2 for the reason that said instruction places the burden of proving innocence on the defendant." We quote that part of

the instruction covering this subject matter: "The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving his guilt rests with the State." It is apparent that defendant's point is without merit.

In assignment No. 12, defendant complains that the trial court did not give an instruction defining the word "accomplice." Words that are in common use need not be defined. In the cautionary instruction concerning the evidence of an accomplice, the court advised the jury that "The Court instructs the jury that they are at liberty to convict the defendant on the uncorroborated testimony of an accomplice alone if they believe the statements as given by said accomplice in his testimony are true in fact and sufficient in proof to establish the guilt of the defendant; but the jury are instructed that the testimony of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime, as to matter material to the issues, that is, matters connecting the defendant with the commission of the crime charged against him and identifying him as the perpetrator thereof, ought to be received with great caution by the jury, and they ought to be fully satisfied of its truth before they should convict the defendant on such testimony." We are of the opinion that that instruction was sufficient for the jury to understand the meaning of the term "accomplice." 23A C.J.S. Criminal Law § 1227, p. 564.

Defendant claims error in that the court gave instruction No. 8 which pertained to the credibility of witnesses. Defendant says it was error to tell the jury "that the jury could consider the witnesses feeling to or relation to the prosecution." The wording of the instruction was that the jury should take into consideration among other things "the motives actuating the witness in testifying, the witness's relation to or feeling for or against the defendant or the complaining party, * * *." Defendant has not set forth any reason for his deeming the instruction erroneous. The instruction as given was a correct statement of the rule on credibility of witnesses.

Defendant, in his motion for new trial, stated that the trial court restricted the cross-examination of witness Weber "as to previous convictions and to matters pending against said witness." The record shows that Weber was cross-examined at length; that he admitted he had been convicted. He was also cross-examined as to charges then pending against him. The court permitted an extensive cross-examination. Finally, the defense attorney asked Weber the following question: "Since sometime in March. Now, Mr. Weber, as I recall, I saw in the paper where you and two other fellows were charged with a strong armed robbery—" On objection, the court stated, "Mr. Poynor, you know better than that, to relate what you read in the paper. You know very well and I think you ought to be censored for it. Now you have no right to bring before this jury something you read in the paper and ask him about it." That action of the court was made the basis of an assignment of error. In our opinion, the court permitted a liberal cross-examination of this witness. The statement or the question which prompted the court to censor defendant's attorney was improper and justified a reprimand. State v. Pinkston, Mo., 333 S.W.2d 63, l. c. 66, 67 (1–3).

In the last two assignments, defendant stated that the court erred in not sustaining defendant's objection to statements of the prosecutor as to his opinion of the guilt of the defendant and in failing to sustain an objection to an argument of State's counsel to the jury to make an example of the defendant. There is no merit in either assignment. The defendant did not point out or designate in what portion of the argument the State's attorney expressed his private opinion of the guilt

of the defendant. In our research, we have found only one objection to the argument on that ground. The prosecuting attorney stated, "There is no doubt in my mind that the State has proved that, by the witnesses on the stand—" At this point, defendant's counsel objected. The prosecutor proceeded to relate the evidence as given by witnesses. We rule the argument was proper and that it did not amount to an expression of the prosecutor's personal opinion. State v. Lunsford, Mo., 331 S.W.2d 538, 1. c. 541(6). The prosecutor was entitled to argue that the jury should convict the defendant and to assess a punishment to set an example to others for the purpose of protecting the community. That is one of the purposes of inflicting punishment for violations of the law. The argument was not improper. 23A C.J.S. Criminal Law § 1107, pp. 202–210.

We have examined matters not required to be preserved for review and find no reversible error therein.

The judgment is affirmed.

All concur.