**STATE of Missouri, Respondent,**

v.

**Carl Collins McCLANAHAN, Appellant.**

**No. 52541.**

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1967.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

R. H. McRoberts, Jr., St. Louis, for appellant Carl C. McClanahan. Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

EAGER, Judge.

Appellant, whom we shall designate as defendant, was charged in two separate informations filed on June 25, 1965, with the unlawful possession of marijuana (Cannabis sativa) a narcotic, and of amphetamine. In each information he was also charged with four prior felony convictions for each of which he was imprisoned. The prior convictions all involved motor vehicle offenses, with workhouse sentences imposed. Upon arraignment on the present charges, with privately employed counsel present, he pleaded not guilty to each charge. On October 18, 1965, he appeared with his counsel, withdrew his former pleas, and entered a plea of guilty to each charge. The Court accepted these pleas at that time, but deferred sentence pending a presentence investigation and an application for treatment in a federal hospital. At this time, the State's attorney stated to the Court that defendant was, in each case, "found to have * * * in his possession" the prohibited substance; the Court asked defendant, "Is that true?" and the defendant responded in each case, "Yes, sir."

On December 15, 1965, defendant appeared with Mr. Joseph Noskay of the Public Defender's Office, who stated that defendant was represented by Mr. Lester Watson but, without further explanation, that he was "standing in his stead." The State then recommended "ten years on the 18th of October," (obviously meaning "from"), having already recommended concurrent sentences of ten years each at the time the pleas of guilty were made. The Court imposed a sentence of ten years in each case, "to run concurrently," but granted probation for the purpose of treatment at a federal hospital, with the probation to be continued for four years after such treatment. On March 7, 1966, defendant filed a motion to vacate the judgment and sentence, which was denied on March 8, 1966, without a hearing. We need not note the grounds of that motion, for no appeal was taken and it was supplanted by a later motion filed on July 19, 1966, from the denial of which the present appeal was taken. In that motion defendant alleged: that at the time of sentencing he was forced to proceed with Mr. Noskay in the absence of his own counsel, in violation of his right to counsel of his own choice; that he had not been properly served with notice of the Court's order on his former motion and that such order was made ex parte and without notice. This motion was supplemented by one filed on September 20, 1966 (entitled "Motion to Vacate Unlawful Judgment and Sentence—Withdraw Guilty Plea"), in which defendant also sought to question the legality of his arrest and of a search, alleged that his pleas were not voluntary, and that he did not have a "fair and speedy trial"; he also reasserted the fact that his own attorney was not present at the sentencing, and that he did not "request, want or need" Mr. Noskay.

On September 21, 1966, his motion to vacate was denied; in the context of this case the ruling clearly applied to both pending motions. At that time defendant's request for leave to proceed in forma pauperis was granted and counsel was appointed, obviously for the purposes of an appeal. The original notice of appeal was filed late, but we granted leave to file a delayed notice of ap-

peal under Rule 28.07, V.A.M.R., which was done. The appeal has been briefed and argued here by counsel and we proceed to consider the questions thus raised. The convictions in these two cases were so interlocked that we consider both as thus raised in the motions.

The first point made is that the possession of amphetamine hydrochloride was not a crime at the time in question, and that defendant's conviction in Cause No. 1154–N (local number) was a violation of his constitutional rights; also, that even a plea of guilty to an indictment or information which charges no crime does not constitute a valid conviction. State v. Bonnie, Mo. App., 206 S.W.2d 989. Counsel relies on State v. Bridges, Mo., 398 S.W.2d 1, as establishing that no crime was charged or committed. That opinion is in nowise decisive in this case. There defendant was *charged* with the possession of amphetamine hydrochloride and the evidence showed the possession of that drug; the statute (supplemented by a list prepared by the Division of Health) proscribed amphetamine and certain of its derivatives, but amphetamine hydrochloride was not one of those listed. The judgment was reversed and the cause remanded in order that evidence might be taken to show whether amphetamine hydrochloride was a derivative or whether it was a compound actually containing amphetamine.

■ Our case is wholly different. In Cause No. 1154–N defendant was charged with the unlawful possession of *amphetamine*, as such. The possession of that drug was at all times prohibited by the statute. Defendant pleaded guilty to that charge, in the presence of his own counsel and, in addition to his formal plea, he *admitted orally* in open court the truth of the charge. He cannot now be heard to deny it; moreover, there is absolutely nothing in the transcript to show, authoritatively or otherwise, that the drug in defendant's possession was amphetamine hydrochloride. The only ref- erences to it are (1) a statement in defendant's first motion that in State v. Bridges, supra, the Court held that amphetamine hydrochloride was not on the list of proscribed drugs, and (2) a statement in the last motion that in State v. Bridges it was held that *amphetamine* was not so listed (which is not true). These statements are meaningless, and there is nothing whatever in the present case to support the point thus made. Defendant was adjudged guilty of the possession of amphetamine upon his voluntary plea and his admission, and he may not in this proceeding seek to readjudicate the issue. State v. Statler, Mo., 383 S.W.2d 534, and cases there cited. It is difficult to understand how the present information and the plea thereon have been misinterpreted.

■ The other point briefed is that the absence of defendant's counsel at the time of sentencing was a violation of his right to counsel at a crucial stage of his cases, and that his constitutional rights were thus violated. We have not held that a defendant is always entitled to the presence of counsel, or of his own counsel, at the time of sentencing. In State v. Crow, Mo., 377 S.W.2d 129, cert. denied 85 S.Ct. 124, 379 U.S. 861, 13 L.Ed.2d 65, it appeared that counsel had withdrawn without notice prior to the time of allocution and sentence, and there was a controversy as to whether a motion for new trial had been mailed within time by defendant from the jail; defendant, present in person, stated that he wanted counsel and denied that he had discharged his prior counsel. The Court then proceeded with allocution and sentence in the absence of counsel. We reversed and remanded, holding that the factual issues should have been determined with counsel furnished to defendant, and that defendant was, under those circumstances and *upon request*, entitled to counsel. And see generally on the subject, Gadsden v. United States, 96 U.S. App.D.C. 162, 223 F.2d 627; Martin v. United States (CA 5), 182 F.2d 225, both cited by defendant's counsel.

■ In a technical sense counsel was present here, but there is nothing to indicate that Mr. Noskay had any familiarity with the case, except that he knew that pleas of guilty had been entered. Mr. Noskay made no statement except the preliminary explanation of his presence. Defendant made no protest, but we consider that the circumstances require some relief. The Court imposed a sentence of ten years in each case and, after referred to the matter of probation (which was later revoked), stated: "These sentences are to run concurrently." The record entries on the judgments and sentences confirm this by an express recitation in the judgment and sentence in Case No. 1154–N. On the date when defendant entered his pleas of guilty, namely, October 18, 1965, the Court accepted the pleas thereby adjudging a final conviction in each case, and the State recommended "ten years * * * on each charge, to run concurrently." Sentence was not imposed for approximately two months thereafter. Section 546.480, RSMo 1959, V.A.M.S., is as follows: "When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." This section has been part of our statutory law for many years. In such instances the trial court has no power to impose concurrent sentences, for the statute is mandatory. State v. Harris, 336 Mo. 737, 81 S.W.2d 319. In that case, under rather similar circumstances, it was held that the judgments should be reversed, primarily because the statute quoted above had been ignored. See also Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47, 49; State v. Huff, 352 Mo. 1161, 181 S.W.2d 513. Here, as the matter now stands, defendant is subject to total imprisonment of twenty years, whereas the Court clearly intended a maximum of ten years, and the State had expressly recommended that. Since the attorney who was casually present did nothing to rectify this error, we hold that defendant is entitled to be returned to the trial court for the imposition of a new sentence in each case, with his own attorney present or, if he then has none and is an indigent, with an attorney to be appointed by the trial court. It is obvious here that prejudice resulted to the defendant in this instance from an inadvertence which was contributed to by the absence of counsel familiar with the case and prepared to act therein. The brief of defendant does not raise, as such, the right to a withdrawal of the pleas of guilty, and there is no basis whatever in this record for permitting any such action.

■ Some mention was made at the argument concerning a supposed lack of allocution at sentencing. The records themselves recite allocution. The stenographic transcript does not. The point is immaterial. It has long been held in Missouri that this right (§ 546.570, RSMo 1959, V.A.M.S., as modified by § 546.580) is applicable "only after conviction upon a trial by jury, and does not apply to a sentence pronounced on a plea of guilty." State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279, 284, and authorities cited; State v. Kitchin, Mo., 300 S.W.2d 420, 425, cert. denied Kitchin v. State of Missouri, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429. Upon resentencing in these cases, the granting of allocution will rest in the Court's discretion. We assume, however, that defendant's counsel will then be heard on any pertinent matter which he may wish to raise.

The judgment and order of the trial court is reversed and the cause remanded for such further proceedings as are indicated herein.

All of the Judges concur.