STATE of Missouri, Respondent,

v.

Glen R. SHEPARD, Appellant.

No. 53320.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Jerome T. Bollato, Sp. Asst. Atty. Gen., St. Louis, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

SEILER, Judge.

Defendant appeals from his conviction, by a jury, of second degree burglary and stealing, with punishment at five and three years' imprisonment, respectively, to run concurrently. The only one of appellant's contentions which has been properly raised and preserved by being briefed here *and* set forth in the motion for new trial, Rules 28.02 and 27.20(a), V.A.M.R., is that the trial court erred in not instructing the jury it could find the defendant guilty of one offense and acquit him on the other.

There was evidence before the jury from which it could find that in the early morning hours of December 27, 1966, defendant broke into the Maywood Sport Shop, Independence, Jackson County, Missouri, and there stole four shotguns. His defense was an alibi.

The court gave an instruction on second degree burglary which contained a paragraph stating "And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Burglary, Second Degree." It also gave a separate instruction on stealing, which had a similar paragraph stating, "And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Stealing."

The court also gave an instruction on forms of verdict, wherein forms which the jury might use were set forth, one if the jury found the defendant guilty of both burglary, second degree, and stealing, one if the jury found the defendant guilty of burglary, second degree, and one if the jury found the defendant not guilty of burglary, second degree, and not guilty of stealing. There was no form offered for finding the defendant guilty of stealing and not guilty of burglary, second degree.

Nevertheless, the jury was required to pass on defendant's guilt or innocence as to each offense, because there was one instruction on burglary, second degree, which told the jury what findings were necessary for a verdict of guilty of burglary, second degree, and that unless the jury found the facts to be as stated, it would acquit the defendant of burglary, second degree. In a separate instruction, the same procedure was followed with respect to stealing, with the same direction that unless the jury found the facts as stated in the instruction, it would acquit the defendant of stealing. These two instructions, therefore, " * * gave the jury the authority to do just what appellant contends it should have been instructed it could do", State v. Huff, 352 Mo. 1161, 181 S.W.2d 513, 516, where a similar contention was made. Under these two separate instructions the jury necessarily had to find defendant guilty of both, or neither, or one or the other of the charges.

The only question is whether his right to have the jury do so was impaired by the way the forms of verdict were handled, there being no form for the possibility of acquitting him of burglary, second degree, while convicting him of stealing.

However, the instruction on forms of verdict closed with these words: "Your verdict, with a separate finding as to each offense charged, must be unanimous, must be signed by one of your number as foreman, and should be written upon a separate sheet of paper and not upon one of these instructions."

The jury thus was told, by the closing words of the instruction on forms of verdict, that it must make a separate finding as to each offense charged, and this it did. In order to do so the jury had to decide

whether to convict or acquit on each charge. Under the circumstances we do not believe that the jury's free discretion in arriving at a fair verdict was impaired or restricted or that defendant's right to have the jury pass on whether he should be convicted of one offense and acquitted on the other was prejudiced. Defendant's contention to the contrary is overruled.

Our examination of the matters we review under the admonition of Rule 28.02 shows no error therein.

Judgment affirmed.

All concur.