**STATE of Missouri, Respondent,**

v.

**John Richard SALLEE, Appellant.**

**No. 53306.**

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Special Asst. Atty. Gen., St. Louis, for respondent.

Thaine Q. Blumer, Ronald P. Zolotor, Blumer & Wright, Kansas City, for appellant.

ROBERT G. DOWD, Special Judge.

The defendant was charged by information with burglary, second degree, and stealing. Sections 560.045 and 560.110, RS Mo 1959, V.A.M.S. A jury found him guilty as charged and assessed his punishment at imprisonment for seven years for burglary and five years for stealing. Defendant's motion to set aside the verdict and to enter judgment of acquittal or in the alternative for a new trial was overruled and the court sentenced him in accordance with the verdict, the sentences to run consecutively. Defendant appeals.

The evidence tends to show that the home of Mr. and Mrs. Robert D. Jennings located in Kansas City, Missouri, was broken into sometime between 6:30 p. m. on December 20, 1966, and 12:30 a. m. on December 21, 1966. That the window of the side door was broken and the house had been completely ransacked. That personal property valued at about $1,200.00 was stolen out of the dwelling. Items stolen included a packet of credit cards. One credit card stolen was for Sears, Roebuck & Company. That on December 21, 1966, at about 9:30 a. m. Mrs. Jennings notified Sears, Roebuck & Company of the theft of the credit card. That on December 21, 1966, at about 10:30 a. m. the defendant purchased a num-

ber of items from the Sears, Roebuck & Company Cleveland Avenue store using Robert D. Jennings' credit card. He was identified by two salesmen. The defendant left the store without the purchased items after he was told that the sales had to receive a credit approval. There were a number of purchases made at another Sears, Roebuck & Company store on December 21, 1966, wherein the Jennings' credit card was used.

Based upon the salesman's description of the defendant and an identification of a police photograph, the defendant was arrested on December 22, 1966, at about 2:00 p. m. in a restaurant. When the police started to leave the restaurant with the defendant, he dropped a paper which was a clipping out of the yellow pages of the telephone book. The clipping was a listing of the Sears, Roebuck & Company stores in the area. The defendant had in his possession eight credit cards belonging to Robert D. Jennings and an application for a duplicate Missouri state operator's license dated December 21, 1966, in the name of Robert D. Jennings. Mr. Jennings stated that the signature on the application for a duplicate operator's license was not his signature. The defendant had numerous other credit cards in his possession none of which was issued in defendant's name.

The defendant told Officer Clyde Hickman that he had purchased these credit cards from a colored person on the street during the evening of December 21, 1966, for the purpose of making purchases. That he did not know this person's name nor had he ever seen him before. The defendant did not describe or identify this person.

The defendant consented to a search of his premises and signed a waiver for the search. At defendant's premises the police found items of clothing which defendant admitted purchasing at a Sears, Roebuck & Company store with the Jennings' credit card. Defendant also admitted purchasing the coat and boots he was wearing

with the Jennings' credit card. The defendant further stated to the police that he attempted to make purchases at the Sears, Roebuck & Company Cleveland Avenue store on December 21, 1966, but "they got on to him" and he left the store without the purchases but with the credit card.

The defendant did not testify. The only witness called for the defendant was Police Corporal John E. Hill, one of the arresting officers, who stated that he did not ask nor did the defendant offer any explanation to him as to where he got the credit cards.

The appellant contends by assignment 2 that the verdict of the jury was unsupported by sufficient evidence in that the evidence only showed that the appellant had possession of the alleged stolen property, and the evidence showed an explanation of such possession through the testimony of the State's own witnesses who testified that the appellant had stated he had purchased the credit cards.

"In considering the sufficiency of the State's case after a verdict of guilty, 'the court accepts as true all of the evidence in the record tending to show defendant's guilt, whether the same be circumstantial or direct in nature, together with all favorable inferences reasonably to be drawn therefrom. Defendant's contradictory evidence, if any, is to be disregarded. If a submissible case is made out, the truth of the testimony and the reasonableness of the inferences to be drawn are exclusively for the jury. State v. Brewer, Mo.Sup., 325 S.W.2d 16, 20; State v. Morris, Mo. Sup., 307 S.W.2d 667, 668.' State v. Armstrong, Mo., 361 S.W.2d 811, loc. cit. 813." State v. Webb, Mo.Sup., 423 S.W.2d 795, 799(6).

■ The general guide for testing the sufficiency of circumstantial evidence is whether the facts and circumstances relied upon by the State are consistent with each other and with the hypothesis of defendant's guilt, and are inconsistent and irreconcilable with his innocence, and point so

clearly and satisfactorily to his guilt that they exclude every reasonable hypothesis of innocence. State v. Murphy, 356 Mo. 110, 201 S.W.2d 280, 282; State v. Durham, Mo.Sup., 367 S.W.2d 619, 621(1); State v. McGlathery, Mo.Sup., 412 S.W.2d 445, 447 (1, 3).

The issue presented by appellant's assignment 2 is whether the evidence in this case meets this test.

"It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing. State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 455; State v. Oliver, 355 Mo. 173, 195 S.W.2d 484; State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327; State v. Reagan, Mo., 328 S.W.2d 26. However, to authorize the inference of guilt, the defendant's possession of the stolen property should not be too remote in point of time from the crime, and it should be a personal possession, exclusive, distinct and conscious, and unexplained. 'Where the character of defendant's possession is such as to fulfil these requirements, it is evidence of his guilt, connecting him with the commission of the burglary, and, in the absence of countervailing evidence, may be sufficient to sustain a conviction of burglary.' State v. Watson, Mo., 350 S.W.2d 763, 766." State v. Durham, Mo.Sup., 367 S.W.2d 619, 621, 622(2, 3).

■ As to appellant's contention that the appellant had explained his possession of the credit card through the testimony of the police officer, the court held in State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 454(7, 8) that the doctrine in this State and elsewhere is that the credibility of the explanation is a question of fact for the jury; and if the jury disbelieves it, the case stands with his possession unexplained. This doctrine was cited approvingly in State v. Durham, supra, 367 S.W.2d l. c. 621, 622 (4).

■ It was likewise held in State v. Tomlinson, 352 Mo. 391, 177 S.W.2d 493, 494(1, 2) that while recent possession of stolen property is not proof of guilt as a matter of law, it is sufficient to submit the case to the jury. State v. Curley, Mo.Sup., 142 S.W.2d 34; State v. Slusher, 301 Mo. 285, 256 S.W. 817; State v. Swarens, 294 Mo. 139, 241 S.W. 934; State v. Kennon, Mo.Sup., 123 S.W.2d 46; State v. Deckard, Mo.Sup., 37 S.W.2d 414.

■ There is no question in this case concerning the fact of the burglary and the fact of the stealing, nor is there any question as to the fact that the defendant had in his possession eight credit cards stolen less than two days before in the burglary. The fact defendant was seen in possession of the stolen Sears, Roebuck & Company credit card the morning following the burglary; defendant's statement to the police that he had purchased the credit cards from an unknown and unidentifiable colored person the evening of December 21, 1966, when he was using the stolen credit card to make purchases at a Sears, Roebuck & Company store at about 10:30 a. m. on December 21, 1966; the fact that defendant had in his possession a forged application for the driver's license in the name of the victim; the fact that defendant attempted to furtively conceal from the police the possession of a slip of paper from the telephone book with the Sears, Roebuck & Company listings; these facts constituted evidence from which it was permissible for the jury to infer that the defendant participated in both the burglary and the stealing.

All of these facts and circumstances are consistent with each other and are irreconcilable and inconsistent with any reasonable theory of innocence. The second assignment of error is denied.

Appellant contends by assignment 1 that the information was fatally defective in that it was vague and indefinite for the reason that the information did not set out the address of the dwelling house. The appellant contends he was not able to prop-

erly prepare his defense and it cannot be pled in bar in a subsequent prosecution.

■ "The defendant in a criminal case has a right to demand the nature and cause of the accusation, and the indictment or information must be sufficiently definite to enable him to prepare his defense and to constitute a bar to further prosecution for the same offense." State v. Tandy, Mo., 401 S.W.2d 409, 412, 413(2, 4), Art. 1, Sec. 18(a), Constitution of Missouri 1945, V.A. M.S. The elements of the offense of burglary in the second degree are the breaking and entering of a dwelling house by a person with the intent to commit a felony or to steal therein. (Section 560.045 RSMo 1959, V.A.M.S.)

■ The information in this case set out that the dwelling house was the property of Mr. and Mrs. Robert D. Jennings and contained all the elements of the offense of burglary in the second degree. The failure to allege the address does not make this information legally insufficient. It was sufficiently definite to enable the defendant in this case to prepare his defense. With the dwelling house being described as the property of Mr. and Mrs. Robert D. Jennings, and the date of the offense being set out, the information is of sufficient definiteness to be set up as a bar to subsequent prosecution for the same offense.

■ Appellant cites State v. Harris, Mo., 313 S.W.2d 664, which involved a charge of receiving stolen property with intent to defraud. The court held at l. c. 668 that "intent to defraud" was made an essential element of the crime by legislative action and must be alleged in the indictment. We do not believe the address of the dwelling is an essential element of the crime of burglary in the second degree. The assignment of error is denied.

The appellant contends by assignment 3 that the court committed error in giving Instruction No. 2 in that the instruction defined direct evidence and circumstantial evidence but failed to inform the jury that there was no direct evidence in the case. This contention is without merit. While this is wholly a circumstantial evidence case, this was a proper instruction.

■ The court by this instruction merely defined the difference between direct and circumstantial evidence. By so doing, the court did not infer that there was direct evidence in the case. The refusal to give this same instruction in a wholly circumstantial evidence case was held to be reversible error in State v. Regazzi, Mo., 379 S.W.2d 575, 578(1, 2). The case of State v. Culbertson, Mo.App., 74 S.W.2d 375 which was cited by appellant was examined. It does not apply to this contention.

Appellant's assignment 4 is that the court erred in giving Instruction No. 4 in that the instruction is broader than the information charging the defendant with the offense. Instruction No. 4 merely defines the term "breaking into" which was used in the State's main instruction (Instruction No. 3). Instruction No. 4 defines this term as "gaining an entrance * * *. by the use of any force whatsoever * * *. with the intent to commit a felony." The information charges the defendant with a breaking and entering " * * *. with the intent to steal and commit a felony therein; and the said John Richard Sallee did * * *. steal * * *. items and credit cards in name of Robert D. Jennings." Instruction No. 3, which is the main instruction on the burglary, provided for a breaking into with the intent to steal.

"An instruction is to be read as a whole and all instructions are to be construed together." State v. Tellis, Mo., 310 S.W.2d 862, 865(4). Applying this test to Instructions No. 3 and No. 4, we are convinced that Instruction No. 4 was neither confusing nor misleading and the defendant was not prejudiced by it.

Instruction No. 4 followed the wording of the statute. An essential element of burglary is the intent to commit a felony or to steal therein. If the defendant intended to commit a felony in the dwelling, whether

it was stealing or some other felony, he would be guilty of burglary.

■ A similar contention was also made in State v. Gant, Mo., 275 S.W.2d 332, 334, which held that a similar instruction given in that case was not erroneous as being broader in scope than the information.

Appellant also contends in assignment 4 that Instruction No. 4 was confusing and misleading to the jury because "it states breaking is sufficient for burglary and leaves out the element of entry." An examination of Instruction No. 4 does not substantiate appellant's contention. This instruction does not hold that breaking is sufficient for burglary and does not leave out the element of entry. Instruction No. 4 reads:

"The court instructs the jury that by the term 'breaking into' is meant gaining an entrance to the premises described by the use of any force whatsoever, however small, with the intent to commit a felony therein after gaining such an entrance. The mere lifting of a latch or turning a lock and opening a door or window not otherwise fastened and which was kept in its place by its own weight is in legal contemplation 'breaking into' and thus a burglary."

■ Twice in this instruction reference is made to an "entrance." As pointed out before in this opinion, an instruction is to be read as a whole and all instructions are to be construed together. State v. Tellis, supra. We are convinced that this instruction when read in its entirety was neither confusing nor misleading.

Also when Instruction No. 4 is read and considered with Instruction No. 3, the jury would not be misled. Instruction No. 3 states in part " * * * if you find and believe that the defendant, John Richard Sallee did * * * feloniously break into and enter the dwelling house of Robert D. Jennings * * * for the purpose and with the felonious intent to steal." Again in this instruction the jury is required to find an "entry." The assignment is denied.

■ Appellant contends in assignment 5 that the court erred in giving Instructions No. 5 and No. 9 for the reason that these instructions were an incomplete statement of all the law in the case in that these instructions did not inform the jury that it could acquit on one or the other charges of burglary or stealing or on both, or that there could be a conviction on one charge only.

"In determining whether an individual instruction is misleading and prejudicial all of the given instructions must be read and considered together and if they properly present the law of the case when thus considered that is all that is necessary." State v. Edmonson, Mo.Sup., 371 S.W.2d 273, 276, 277(8); State v. Brown, Mo.Sup., 332 S.W.2d 904, 910. Applying this test to the given instructions, Instructions No. 3, No. 5 and No. 9 should be read and considered together. Instruction No. 3 permitted the jury to find the defendant guilty or not guilty to the charge of burglary. Instruction No. 5 permitted the jury to find the defendant guilty or not guilty of the charge of stealing. Instruction No. 9 set out two forms of verdict, one finding the defendant guilty of both charges and one finding the defendant not guilty of both charges.

Included in the burglary second degree instruction is a paragraph stating "And unless you find the facts to be, you will acquit the defendant of burglary second degree." The stealing instruction contained a similar paragraph stating "And unless you find the facts to be, you will find the defendant not guilty of stealing in conjunction with burglary."

A similar contention was rejected in State v. Shepard, Mo.Sup., 432 S.W.2d 235, 236, which approvingly referred to State v. Huff, 352 Mo. 1161, 181 S.W.2d 513, 516.

As to the verdict forms, the jury was instructed: "Your verdict must be unanimous

and should be written on a separate sheet of paper and not on these instructions, and should be signed by one of your number as foreman." Therefore, the jury was in no way limited to the verdict forms set forth in Instruction No. 9 but were required to write out the verdict on a separate sheet of paper. Appellant's contention is denied.

Thus, when Instructions Nos. 3, 5 and 9 are read and considered together the jury had authority to find the defendant guilty of both charges, or neither, or one or the other of the charges.

The appellant contends by assignment 6 that the court erred in giving Instruction No. 8 covering the presumption of innocence because the instruction stated that the presumption of innocence lasted until overcome by the evidence. Appellant further contends by this assignment that the court erred in failing to give Instruction No. B.

Instruction No. 8 as given by the court reads as follows:

"The law presumes the defendant to be innocent, and that presumption continues until it has been overcome by evidence which establishes his guilt beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

If, however, this presumption has been overcome by the evidence and the guilt of the defendant established beyond a reasonable doubt, your duty is to convict. If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

■ In State v. Gridley, Mo., 353 S.W. 2d 705, 706, 707(5) an instruction similar in form and substance to Instruction No. 8 was approved. Instruction No. 8 contained a correct statement of the law covering the presumption of innocence. Instruction No. B offered by defendant was a duplication of Instruction No. 8. The court is not required to give duplicate instructions. State v. Gridley, supra, 1. c. 706 (4); State v. Bozarth, Mo., 361 S.W.2d 819, 828(14). Appellant's contention is without merit.

■ Appellant contends in assignments 7 and 8 that the court erred in refusing to give defendant's offered Instructions A and C. Instruction A instructed the jury that appellant was not charged with possession or receiving stolen property but was on trial for burglary and larceny and the jury was instructed to acquit appellant if it found he received the property after it was stolen. The jury was fully and fairly instructed on the law by Instructions Nos. 3, 4 and 5 on the necessary requirements in order to find the defendant guilty of burglary and stealing. Therefore, the court was not required to give the Instruction A which was in the nature of a negative instruction.

Appellant contends that Instruction No. C was a converse of Instruction No. 3. " * * a defendant is ordinarily entitled to have given a correct instruction submitting the converse of the state's main instruction; but, if the given instructions fully and fairly cover the same subject matter contained in defendant's converse instruction, it is not prejudicial error to refuse the instruction offered. State v. Taylor, 356 Mo. 1216, 205 S.W.2d 734, 737(8); State v. Boyd, 354 Mo. 1172, 193 S.W.2d 596, 597(1); State v. Chevlin, Mo., 284 S.W.2d 563, 567(11); State v. McWilliams, Mo., 331 S.W.2d 610, 613(6)." State v. Engberg, Mo.Sup., 377 S.W.2d 282, 286(11).

" * * * if a defendant wants a converse instruction given, he must formulate and offer a proper one. State v. Boyd, 354 Mo. 1172, 193 S.W.2d 596, 597(1)." State v. Engberg, supra, 377 S.W.2d 1. c. 286 (11).

■ Appellant's offered Instruction No. C was misleading and confusing in that it directed the defendant's acquittal unless the

jury found "the defendant actually entered, by forcibly unfastening a latch or other secure fastening, a building which was just before such entering by the defendant so securely fastened as to all of its openings that no one could enter said building by using some force." This instruction infers that the "breaking" had to be directed against a latch or a fastening. This is not the law. This is not a correct converse of the main instruction. A similar converse instruction was refused in State v. Ruffin, Mo., 286 S.W.2d 743, 749(13) on ground that the instruction would have unduly narrowed the issues to the prejudice of the state.

Instructions Nos. 3, 4 and 5 fully and fairly covered the rules of law applicable to burglary second degree and stealing and fully and fairly covered the subject matter contained in appellant's Instruction No. C. Appellant's contention is overruled.

Appellant contends by assignment 9 that the court erroneously permitted the prosecutor in closing argument to state, over the objection of the appellant, that possession of recently stolen property was sufficient to establish the guilt of the appellant on both burglary and stealing. Appellant contends by this assignment that there is no inference of guilt where the state's evidence shows an explanation of the possession.

Appellant cites pages 86–87 of the transcript where this argument was made. An examination of this portion of the transcript and of the prosecutor's final argument does not disclose this argument being made by the prosecutor. However, an inference of guilt is permissible from the possession of property recently stolen in a burglary and the inference exists both to the burglary and the stealing. State v. Durham, supra, 367 S.W.2d 1. c. 621. This was discussed fully in deciding the merits of appellant's assignment 2.

■ Appellant further contends that because the state's evidence showed an ex-planation by the defendant as having purchased the stolen credit cards from an unknown colored person, the defendant's possession of the stolen credit cards would carry no inference of guilt. This is not the law. The state was not bound by the self-serving statements made by the defendant even though introduced in the state's case. State v. Key, Mo.Sup., 411 S.W.2d 100, 102; State v. Brookshire, Mo.Sup., 368 S.W.2d 373, 385(18). The credibility of the explanation is a question of fact for the jury; and if disbelieved by the jury, the case stands with his possession unexplained. State v. Denison, supra, 178 S.W.2d 1. c. 454.

■ A prosecutor has the right to comment on the evidence and the credibility of the witnesses from the state's viewpoint. Matters with reference to arguments to juries must to a great degree rest with the sound discretion of the trial court. State v. Reagan, Mo.Sup., 108 S.W.2d 391, 397(17, 20); State v. Woods, 346 Mo. 538, 142 S.W.2d 87, 90(10); State v. Brooks, Mo. App., 298 S.W.2d 511. This court finds no error being committed by the trial court in assignment 9.

■ Appellant contends by assignment 10 that appellant was prejudiced by the fact that appellant was brought before the jury in handcuffs. The appellant offered no evidence to support this allegation. The allegation does not prove itself. The record does not preserve anything for review. State v. Caffey, Mo.Sup., 404 S.W.2d 171, 176(4). The assignment of error is denied.

An examination of the record as required by Supreme Court Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., not sitting.