**Arthur W. HUNTER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55480.

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

Mark A. Youngdahl, St. Joseph, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was charged with first degree robbery with a dangerous and deadly weapon. Upon arraignment, with counsel, appellant first pleaded not guilty on March 22, 1968. Later, on April 3, 1968, with the same counsel, he withdrew his plea of not guilty and entered a plea of guilty to the charge. The plea was accepted and the court ordered that a pre-sentence investigation be made by the State Board of Probation and Parole. On May 24, 1968, the report of pre-sentence investigation was filed and the court sentenced appellant to eighteen years imprisonment.

Appellant then filed his motion to withdraw his plea of guilty and after a hearing thereon, on May 31, 1968, the court overruled the motion. On January 30, 1969, appellant filed a motion to vacate and set aside his conviction and eighteen-year sentence under Supreme Court Rule 27.26, V. A.M.R., which motion was amended October 28, 1969, to include two grounds: The plea of guilty was not voluntary; and he did not have effective assistance of counsel. A third amendment was made January 21, 1970, which added as a ground for relief the court's failure to grant allocu-

tion. An evidentiary hearing was then had (pursuant to remand therefor by this court), findings of fact and conclusions of law were made, and the motion was overruled.

On the hearing on the motion appellant testified that his appointed counsel was John W. Carter, who did advise him of the range of punishment for the crime, five years to death. Mr. Carter told him the likely number of years of punishment he might receive was anywhere from fifteen to twenty years. The prosecuting attorney recommended twenty-five years imprisonment to the court. But appellant claimed that Mr. Carter did not advise him of his right to a jury trial; nor did the court do so. As stated by appellant, one complaint is that others involved in the crime got a lighter sentence, but conceded that his case was the first to come up, and that one Harris later got a sentence also of eighteen years. But what appellant presents here on his Point I is that his counsel, Mr. Carter, spent all his time in requesting a fee for his services. Mr. Carter, in his testimony, acknowledged that he discussed the matter of the possibility of a fee being paid to him by appellant for his services. Mr. Carter testified further, however, that he did everything he could even though he was not paid by appellant. Mr. Carter was appointed counsel for appellant on the robbery charge and also represented him on two other charges which grew out of the same incident. Following appointment, Mr. Carter saw appellant in the jail and then advised him of the penalty for the robbery charge, discussed with him some newspaper accounts of the charge, and went over the facts with him. He did tell appellant that he had a right to a jury trial or in the alternative that he could plead guilty, and he saw him on approximately twelve different occasions. Appellant's pro se motion to withdraw his plea of guilty was done without Mr. Carter's knowledge.

At the time appellant changed his plea from not guilty to guilty, the court records show that it advised him of the range of punishment. No one had promised appellant anything to get him to plead guilty, and he answered in the affirmative the courts' question, "You are pleading guilty because you are guilty?" The court accepted the plea after being satisfied that the plea was voluntary and appellant was guilty, and pre-sentence investigation was ordered. Just prior to sentencing, in a conference in chambers, the court stated to appellant, "I want it distinctly understood that you are not pleading guilty in order to get these other cases dropped."

The trial court made extensive findings of fact as to appellant's charge that he had ineffective assistance of counsel. Appellant contended he did not know he was charged with "conspiracy." He was not so charged, and of course his counsel could not be accused of being ineffective by failing to explain charges not filed. He next complains that his counsel failed to emphasize mitigating and extenuating circumstances. This complaint is answered by the fact that under § 549.245, RSMo 1959, V.A.M.S., a pre-sentence investigation may be made which should contain such circumstances, and by the fact that appellant points to no circumstances which could or should have been submitted by his counsel. As to the fee question, counsel testified that he did everything he could even though he was not paid. As pointed out by the court in reviewing the facts of the crime (appellant, holding a shotgun which had a firing pin indentation on a shell therein, was shot and hospitalized in the robbery), "Under the circumstances there was not much any attorney could have done for him." Appellant failed to prove any omissions of aid on his counsel's part which would not have occurred had he been paid. He did not prove that his counsel spent his time trying to recover compensation for his services rather than working.

There is no merit in appellant's claim of ineffective assistance of counsel because Mr. Carter did not argue his mo-

tion to withdraw his guilty plea. As noted, appellant made this motion pro se; he did not request his attorney's presence, or even advise him that the motion was pending. Neither the motion nor appellant's answers to the questions of the court on its hearing (at which Mr. Carter was present) present any grounds for granting it.

 The whole record demonstrates that the court did not err in finding that appellant's plea was voluntarily made with knowledge of its consequences. On this hearing, in addition to what is stated above, this question was asked by the court: "Q. * * * Well, at the time you pled guilty what did you think was going to happen to you?" Appellant answered, "A. I would receive punishment for this." The right to jury trial was discussed by appellant and his counsel, as well as the penalty he might receive, as the court could find on the conflicting testimony. It was clearly developed that appellant's plea was not induced by threats or pendency of other charges, which he understood would be dropped (and which were in fact dropped). The comments of the court in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, on the issues relating to voluntariness of pleas of guilty are applicable here.

Lastly, appellant says that allocution was not accorded him prior to his sentence. Suffice it to say that it is not necessary to grant allocution upon pleas of guilty. See State v. McClanahan, Mo., 418 S.W.2d 71, 74 [6], reaffirming State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279, 284.

The findings and conclusions of the trial court are not clearly erroneous and the judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.